## MARBUT-WILLIAMS LUMBER CO. *v.* DIXIE ELECTRIC CO. *et al.*

HILL, J. 1. "The Civil Code, § 3352, provides for liens for 'all contractors, materialmen, and persons furnishing material for the improvement of real estate.' The liens so specified are created by the same statute, are of the same character, and governed by the same principles of law. . . When a contractor or materialman has done work or furnished material for the improvement of real estate, their liens when declared and created, as provided in the Civil Code (1910), § 3353, attach *from the time the work under the contract is commenced* or the material is furnished, as against third persons having actual notice of such liens." *Guaranty Investment Co.* v. *Athens Engineering Co.,* 152 *Ga.* 596 (5), (6) (110 S. E. 873).

2. A lien of a contractor or materialman on real estate, arising under §§ 3352, 3353, attaches from the time the work under the contract is commenced or the material is furnished. *Oglethorpe Savings & Trust Co.* v. *Morgan,* 149 *Ga.* 787 (102 S. E. 528).

3. In the light of what has been held above, a contractor's lien under this statute can not attach or exist prior to delivery of any of the material; and it follows that a holder of legal title to realty, under a security deed executed by the owner and duly recorded prior to delivery of material furnished to such owner for improvement of the realty, can not at the time of taking the security be affected with notice of any lien which the materialman may set up for material furnished to improve the property.

4. Under application of the foregoing principles, where an owner of vacant realty, desiring to improve the same, negotiated a loan for the purpose of meeting his pay-rolls, and for the purpose of securing a loan executed a security deed for the amount thereof to the lender, which purported to convey the legal title, and the deed was duly recorded;

---

Mechanics' Liens, 40 C. J. p. 268, n. 96; p. 293, n. 56.

and where, at the time of making the loan, the owner, with the knowledge of the lender, arranged with materialmen to furnish material to be used in the improvement, but no material was actually furnished until the day next after the security deed was recorded; and subsequently, in an equitable action a contest arose between the materialmen and the holder of the security deed, based on competition between that deed and the lien duly declared and foreclosed, the holder of the security deed was entitled to prevail, and the judge did not err in directing a verdict in his favor.

See *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491 (64 S. E. 484); *Englehart-Hitchcock Co.* v. *Central Investment Co.*, 136 *Ga.* 564 (71 S. E. 787); *Willingham-Tift Lumber Co.* v. *Barnes*, 147 *Ga.* 209 (93 S. E. 201); *Milner* v. *Wellhouse*, 148 *Ga.* 275 (96 S. E. 566).

*Judgment affirmed. All the Justices concur.*

No. 6053. FEBRUARY 18, 1928.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. March 31, 1927.

*McElreath & Scott,* for plaintiff in error.

*H. A. Etheridge,* contra.