37749.   McCRARY *v.* BARBERI.

DECIDED SEPTEMBER 14, 1959.

*Hamilton Douglas, Jr., Haas, White & Douglas,* for plaintiff in error.

*Haas, Holland & Zinkow,* contra.

FELTON, Chief Judge. We are not dealing with a situation where the prime contractor has abandoned his contract or failed to perform it in its entirety, as in *Holmes* v. *Venable,* 27 *Ga. App.* 431 (4) (109 S. E. 175) or *Roberts* v. *Georgia So. Supply Co.* 92 *Ga. App.* 303 (88 S. E. 2d 554). Here, the prime contractor's work has been completed, but in a faulty or defective manner. This appeal involves the right of a subcontractor to assert a lien for improvements made by him, where, because of faulty construction of the foundation on the part of the prime contractor, such improvements are partially defective. The uncontradicted evidence demands a finding that, except for slight defects of an immaterial nature, the tile floors in the defendant's bathrooms were installed in good and workmanlike manner by the plaintiff subcontractor and that the substantial defects now present in the floors and wall bases are due to the faulty installation of the floor foundation which was the responsibility of the prime contractor.

In this State, a subcontractor has a special lien for work done. Code § 67-2001 et seq., as amended by Ga. L. 1956, pp. 564-570. Mere trivial defects or omissions in the work done by either the prime contractor or the subcontractor in completing the particular improvement which is the subject of the subcontract will not defeat the right to a lien. Here, however, the defect is a substantial one.

Where part of a construction contract is sublet to a subcontractor by a prime contractor, the owner may not be subjected to a lien for any claim or amount which the main contractor could not assert against the owner. Subcontracts are made subject to prime contracts in this connection. The subcontractor is therefore bound by the terms of the prime contract and performs his work subject to notice that his rights to liens against an owner depend on whether the prime contractor could recover a judgment against the owner for the work which is the subject

matter of the subcontract. This ruling applies only to work which it is the duty of *both the prime contractor and the subcontractor to satisfactorily complete.* It does not apply to situations where a prime contractor could not recover from the owner for a part of the work with which the subcontractor was not concerned.

While the question under consideration is novel in this jurisdiction, it has been adjudicated to some extent elsewhere with varying results. See 16 A. L. R. 981. We are impressed by the decisions of the appellate courts of Kentucky as summarized in Monyahan *v.* City of Lancaster, 168 Ky. 677, 685 (182 S. W. 862), which states the following rules: "In other words, the rule laid down in these cases is: (1) That where the original contractor completes the work in accordance with the contract, the property owner will be responsible to mechanics, materialmen, and subcontractors who have fulfilled their contracts, and who have observed the requirements . . . of the statutes for the amount of their claims that do not aggregate more than the contract price, although the owner may have paid the original contractor the full contract price; (2) that although the improvement may not have been constructed in accordance with the contract, and hence the owner does not owe the full contract price, he will yet be liable to subcontractors, materialmen, and mechanics who have observed the requirements of the statutes to the extent of the reasonable value of the improvement to him, and cannot set off any claim for damages he may have against the original contractor for failing to perform the work according to contract against the claims of the subcontractors, mechanics or materialmen, although he may have an abatement of their claims to the extent that he was damaged by their failure to perform the contracts they had made with the original contractor; (3) that if the improvement contracted for is wholly worthless to the property owner and of no value at all to him on account of the failure of the contractor to fulfill the contract, then a subcontractor, mechanic, or materialman can assert no claim against the property owner or lien on the property, although he may not be responsible for the conditions that resulted in the improvement being worthless and of no value to

the property owner; (4) that in every state of case the property owner may have an abatement of the claim asserted by the subcontractor, mechanic, or materialman to the extent that the property owner sustains damages by his failure to perform his part of the contract." Applying rule (2) to the facts in the instant case, we hold that although the improvement may have been faulty or defective because of improper construction of the foundation by the prime contractor, the defendant owner is liable to the plaintiff subcontractor, but only to the extent of the reasonable value of the improvements to him, which must, of course, be determined by the trier of fact. Since the evidence demands a finding that the tile floors of one or both bathrooms are substantially defective, the verdict for the entire amount of the subcontract price is unsupported by the evidence, and the trial court erred in failing to grant the defendant's motion for a new trial on the general grounds.

*Judgment reversed. Nichols, J., concurs. Quillian, J., concurs in the judgment.*