## 43797. AIRTHERM MANUFACTURING COMPANY v. CONTINENTAL CASUALTY COMPANY et al.

EBERHARDT, Judge. 1. Assuming, but not deciding, that liability to a materialman dealing with a subcontractor does not arise under the payment bond of a public works prime contractor where the materials are purchased and delivered for use in the prosecution of a public work but are not actually used in the construction thereof (but see cases cited in *Ingalls Iron Works Co. v. Standard Acc. Ins. Co.,* 107 Ga. App. 454 (130 SE2d 606)), it does not follow that the time within which statutory notice of the materialman's claim must be given does not begin to run until the furnished materials are actually used. In order for a right of action to arise upon the payment bond of the prime contractor for the benefit of a materialman having a direct contractual relationship with the prime contractor, notice must be given "within 90 days from the day on which such person . . . furnished the last of the material . . . for which such claim is made." *Code Ann.* § 23-1708.

2. Accordingly, in a suit on a payment bond against a public works prime contractor and its surety for materials furnished to a subcontractor for use in the construction of the public work, summary judgment was properly granted for defendants where notice was given within ninety days of the actual installation and use of the materials but more than ninety days from the selling, furnishing and delivering of the materials to the subcontractor for use in the construction. Compare *Levy v. G. E. C. Corp.,* 117 Ga. App. 673 (2) (161 SE2d 339).

*Judgment affirmed.   Felton, C. J., and Whitman, J., concur.*
Argued July 1, 1968—Decided July 9, 1968.

*Wilkinson, Nance & Head, Virginia A. Bonner, A. Mims Wilkinson, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, James A. Avary, B. D. Murphy,* for appellees.