44491. DOWNTOWNER OF ATLANTA, INC. et al.
v. DUNHAM-BUSH, INC. et al.

PANNELL, Judge. Dunham-Bush, Inc., as a materialman, brought an action in the Superior Court of Fulton County against Aetna Casualty & Surety Company on its payment

bond and Downtowner of Atlanta, Inc., the owner, T. C. Allen Construction Company, the general contractor, and Penmont Mechanical Contractors, Inc. (formerly Garrett-Montgomery, Inc.), a subcontractor. The action sought to assert a lien against the owner's property for material furnished and sought payment for the material furnished against the payment bond, the general contractor and the subcontractor. The owner and the bonding company separately moved for summary judgments which were denied by the trial judge and certified by him for review.

The materialman contracted with the subcontractor to furnish certain services and materials to be used by the subcontractor in the performance of its contract with the general contractor. Beginning in June of 1966 the materialman supplied materials to the subcontractor for use in performance of its subcontract and shipments were made at fairly regular intervals from June 3, 1966, through July 6, 1966. Shipments of July 5, 1966, and July 6, 1966, were delivered to the job site on July 11, 1966. These shipments, according to the invoices, totaled $13,194.49. Two of the shipments included some extension pieces, the price of which included duct collars. The duct collars were provided pursuant to order from the subcontractor. The duct collars are normally provided free of charge to purchasers of extension pieces, if requested. The duct collars were shipped to the subcontractor on December 9, 1966, and delivered to the job site by the carrier on December 13, 1966, but were refused by the subcontractor and were returned to the materialman by the carrier and placed in the materialman's stock. The invoice for the duct collars shows that no charge was made therefor. Prior to the shipment of the duct collars, the plaintiff, on October 11, 1966, and on October 14, 1966, notified the bonding company, the owner, the general contractor, and Garrett-Montgomery, Inc., former name of Penmont Mechanical Contractors, Inc., of its claim for materials, *listing all invoices except the invoice for the duct collars.* No duct collars were listed on any of the invoices for which notice of claim was given. On March 8, 1969, plaintiff materialman recorded its claim of lien upon the owner's property. *Held:*

1. (a) Where a materialman delivered materials to the job site by carrier and the subcontractor to whom the materials were consigned did not keep said materials, but the materials were returned to the materialman by the carrier and placed

in the materialman's stock, the materialman has no claim of lien for such materials as against the owner of the property being improved as it is necessary that the materials be used in the improvement itself for the benefit of the owner before such materials are lienable. *D. H. Overmyer Warehouse Co. v. W. C. Caye & Co.*, 116 Ga. App. 128 (157 SE2d 68). It is not necessary to decide when, and under what circumstances, and upon whom the burden of proof rests to show that the materials were used, or what evidence may constitute a prima facie showing thereof.

(b) While a claim of lien for material furnished for building purposes from time to time under one and the same contract is recorded in time, if the record of the claim of lien is made within three months from the delivery of the last item constituting a part of the running account covered by the contract, although many items of the account have been furnished many months before the date in the record; yet, for this rule to apply, the last item constituting the running account covered by the contract must be a lienable item. See *Code Ann.* § 67-2002; *Calhoun Brick Co. v. Patillo Lumber Co.*, 10 Ga. App. 181 (2) (73 SE 23); Mawson-Peterson Lumber Co. v. Sprinkle, 59 Wyo. 334 (140 P2d 588); 147 ALR 1089.

(c) Where, as in the present case, the recording of the lien is done within three months of the furnishing of the last material, and the said last material furnished is not lienable material, and the last lienable materials were delivered more than three months prior to the recording of the lien, the lien is not timely recorded. The trial court erred in refusing to grant summary judgment for the owner.

2. Assuming, but not deciding, that liability might arise under the payment bond of the prime contractor to a materialman dealing with a subcontractor where materials are ordered and delivered for use in the prosecution of the work, but are not actually used in the construction thereof, and are returned to the materialman who returns the same to his inventory (*Ingalls Iron Works Co. v. Standard Accident Ins. Co.*, 107 Ga. App. 454 (130 SE2d 606); *Airtherm Mfg. Co. v. Continental Cas. Co.*, 118 Ga. App. 159 (162 SE2d 752); *Bryant v. Ellenburg*, 106 Ga. App. 510, 512 (127 SE2d 468)), it does not follow that a notice of claim given pursuant to the requirements of the payment bond which made a claim too late for the furnishing of prior materials is made cur-

rent by the furnishing of the last materials and a claim for which *was not included in the notice of claims previously filed*. While a notice of claims might have been filed after the furnishing of the rejected materials, and would have related back to include all invoices listed in the claim (United States v. Peter Reiss Construction Co., 273 F2d 880, 881; Noland Co. v. Allied Contractors, 273 F2d 917; Continental Casualty Co. v. Allsop Lumber Co., 336 F2d 445, 465), no such notice of claim was filed in this case. Accordingly, the trial court erred in refusing to grant a summary judgment in favor of the bonding company.

*Judgments reversed. Quillian and Evans, JJ., concur.*

Argued June 2, 1969—Decided September 22, 1969.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, James H. Keaten,* for appellants.

*Alston, Miller & Gaines, Michael A. Doyle,* for appellees.