### 55008. CULWELL v. LOMAS & NETTLETON COMPANY et al.

BIRDSONG, Judge.

On certiorari, the Supreme Court has reversed Division 1 of the opinion of this court as decided in *Culwell v. Lomas & Nettleton Co.*, 145 Ga. App. 519, 521 (244 SE2d 61). That division of the earlier opinion of this court has been vacated. For a full statement of the facts, see 145 Ga. App. 519, supra.

As pertinent to this opinion, the facts show that Ms. Culwell suffered a total disability in February, 1971. Though there was evidence of other accidents and injuries or sicknesses, the evidence only authorized the trial court to conclude that the total disability related to an automobile accident occurring during the period of February, 1971. The two policies of mortgage insurance involved, one issued by United American Life Insurance Co. effective April 1, 1971, and the other issued by United American Bankers Life Assurance Co. of Florida effective October 1, 1973, both expressly limited their coverage to total disability occurring while the policy was in force.

Thus, as a condition precedent to liability coverage, Ms. Culwell was obligated, as plaintiff, to establish not only that she suffered from a total disability but that the total disability occurred during the time the policy of insurance was in force. The evidence available to the trial court failed to meet that burden, and further, affirmatively indicated non-coverage.

When the movant for summary judgment presents evidence which shows that there is no genuine issue of material fact, the movant has met his burden, and the burden then shifts to the opposite party to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173); *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 203 (243 SE2d 565). Ms. Culwell did not meet her burden in this regard. The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). United American and American Bankers did meet that burden. Accordingly, the trial court did not err in granting summary judgments to United American and American Bankers.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

DECIDED NOVEMBER 28, 1978 —
REHEARING DENIED DECEMBER 19, 1978 — ▮▮▮▮▮▮

*William R. Parker,* for appellant.

*Andrew J. Hinton, Jr., Nall & Miller, Robert B. Hocutt, Freeman & Hawkins, William Q. Bird, Troutman, Sanders, Lockerman & Ashmore, Patrick K. Wiggins,* for appellees.