65786. TAVERRITE et al. v. LOWE'S OF FRANKLIN, INC.

BANKE, Judge.

Appellee, Lowe's of Franklin, Inc., commenced this action to foreclose a lien for materials supplied in the construction of a residence on the property of appellants, Frank and Sylvia Taverrite. The Taverrites appeal the trial court's grant of summary judgment to appellee.

Appellants contracted with Kenneth Campbell for the construction of a house on their vacant lot for the total price of $72,300. The contractor had almost completed construction in late May 1981, when the house was destroyed by fire. Appellants had already paid him a total of $70,500 towards the contract price. On May 29, 1981, appellee filed its claim of lien against appellant's property for the balance of $17,501.25 due for materials supplied to the contractor. Upon discovering that the contractor had purchased some appliances and tools for his personal use on the accounts earmarked for the appellants, appellee reduced to $14,460.74 the amount sought; and the trial court entered an order enforcing the lien for that sum.

As proof of the materials supplied for which it had not received payment, appellee furnished invoices and delivery logs. Not all of the invoices indicated whether the materials had been delivered to the job site or picked up by the contractor; however, all were designated for the appellant's property, and appellee presented deposition testimony to the effect that all the supplies had either been delivered to the site or picked up by the contractor. The contractor did not

provide appellants with receipts showing payment of the appellee's bill or an affidavit averring full payment of the materialmen. With regard to items other than those purchased by the contractor for his personal use, appellants asserted no basis for denying that the materials were actually used in the construction of their house. The contractor did not dispute appellee's claim and consented to judgment for the entire balance of $17,501.25. He testified that of the $70,500 paid to him, he had disbursed all but $8,750 to others as payment for supplies or labor. The $8,750 he had retained as remuneration for his own labor. *Held:*

1. OCGA § 44-14-361 (Code Ann. § 67-2001) provides that materialmen shall have a special lien on real property for which they furnished materials. The materialmen, however, must establish that the materials actually were used in the improvement itself for the benefit of the owner of the realty. *Downtowner of Atlanta v. Dunham-Bush,* 120 Ga. App. 342 (170 SE2d 590) (1969). The lien will attach for the amount owing for the materials supplied, unless the owner shows that the lien has been waived in writing or produces the sworn statement of the contractor declaring that the agreed price or reasonable value of the materials has been paid, but the aggregate of such liens may not exceed the contract price of the improvements. OCGA § 44-14-361 (b) (Code Ann. § 67-2001). The owner is entitled to credit for any payments made to the contractor which are shown by competent and relevant evidence to have been applied to valid claims for material or labor. OCGA § 44-14-362 (4) (Code Ann. § 67-2002); *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62) (1902); *Henderson v. Mitchell Engineering Co.,* 158 Ga. App. 306 (280 SE2d 438) (1981).

Appellants contend that summary judgment for appellee was improper because genuine issues of fact exist both as to whether all the materials at issue actually were used on their property and as to the amount of credit to which they are entitled for the contractor's payment of other valid claims for material and labor. We find no conflict in the evidence as to the use of the materials in improvements on appellants' property; however, we agree with appellants that the evidence established a factual issue as to the amount which should be credited to him for payment of other valid claims.

On motion for summary judgment, the evidence is construed most favorably for the opposing party, but when the movant presents evidence showing that there is no genuine issue of fact, it is incumbent upon the respondent to present evidence to the contrary. *Culwell v. Lomas & Nettleton Co.,* 148 Ga. App. 478 (251 SE2d 579) (1978). Appellants presented no evidence to indicate that the materials were not used on their property but merely disputed the

sufficiency and accuracy of the appellee's evidence. They argue, for example, that the appellee's invoices are insufficient because they do not indicate whether the materials were delivered; however, this ignores the other evidence showing that the materials were in fact used on their property. The fact that subsequent to the filing of the lien the appellee reduced the amount sought upon discovering that some charges had been incorrectly assessed against appellants does not so discredit the accuracy of the evidence as to require jury determination of the amount due. The inclusion of nonlienable items, easily separable from lienable items, does not defeat the entire lien. *Sears, Roebuck & Co. v. Superior Rigging &c. Co.,* 120 Ga. App. 412 (170 SE2d 721) (1969).

The maximum possible exposure of the appellants to a special lien is the difference between the contract price and the amount which was disbursed and applied to valid claims for material or labor as provided by law. *Green v. Farrar Lumber Co.,* supra. While the $8,750 retained by the contractor as remuneration for his personal labor may not be included as a valid claim for labor, (see *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (56 SE 1001) (1906)), the contractor in this case indicated that he made other payments for material and labor totalling $61,750. Assuming the accuracy of this testimony, the appellee would be entitled to a special lien of only $10,550 ($72,300 minus $61,750), rather than the $14,460.74 awarded by the trial court. Of course, the jury may not accept all of the contractor's testimony, but it was at least sufficient to create a genuine factual issue as to the amount of the lien, and the grant of summary judgment was consequently in error.

2. Appellants' contention that the trial court erred in not ruling on appellants' counterclaim at the time of its grant of summary judgment for the appellee is without merit, since neither party moved for such a ruling.

*Judgment reversed. Deen, P. J., and Carley J., concur specially.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED APRIL 20, 1983.

*R. Bruce Russell, Sr.,* for appellants.
*Richard D. Tunkle,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that the trial court erred in granting summary judgment in favor of appellee so as to establish a special lien in a specific amount against the real property owned by appellant. It

is clear that the grant of summary judgment was error because, in the words of the majority, the contractor's testimony "was at least sufficient to create a genuine factual issue as to the amount of the lien ..." However, I cannot agree with the majority's enunciation as to the minimum amount of the special lien to which appellee will be entitled. Since the case is being reversed because of the existence of a genuine issue of material fact, any determination of the amount of lien to which the appellee is entitled must be made on the basis of the evidence introduced at a trial on the merits. "On a trial of the lien foreclosure we apprehend that [the Taverrites] will have ample opportunity to show what payments [they] made under the construction contract with [Campbell], and how the money was disbursed by him, and that the plaintiff will likewise have ample opportunity to question or to disprove the claimed payments, and that the jury will be able to determine with certainty the amount for which plaintiff is entitled to foreclose its lien." *Bowen v. Kicklighter,* 124 Ga. App. 82, 85 (183 SE2d 10) (1971).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.