73264. YATES PAVING & GRADING COMPANY, INC.
v. WATERS et al.
(352 SE2d 791)

SOGNIER, Judge.

Yates Paving & Grading Company, Inc. (Yates) filed an action against Waters, a general contractor, and Sadler, the landowner, to recover payment for work done as a paving subcontractor. Yates had previously recorded a claim of lien on Sadler's property. Waters did not file an answer to the lawsuit and is not involved in this appeal. The trial court granted summary judgment to Sadler. Yates' motion to set aside that judgment was denied in the same term of court in an

order which amended and corrected the previous judgment but again granted summary judgment to Sadler. Yates appeals.

1. Appellant's contentions regarding error in the trial court's first (January) order granting summary judgment to appellee will not be considered because no appeal was taken from that order, OCGA § 5-6-37, *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530) (1972), and it was superseded by the trial court's amended and corrected order of April 9, 1986.

2. Appellant contends the trial court erred by denying its motion to set aside the original grant of summary judgment to appellee. Appellant appears to argue that the January order contained factual errors which constituted "nonamendable defects" on the face of the order and that the trial court was consequently authorized only to set the judgment aside, leaving the action pending. There is no merit in this contention. "[T]he trial judge had the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, . . . for the purpose of promoting justice and in the exercise of a sound legal discretion. [Cits.]" *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (191 SE2d 572) (1972). We find no abuse of the trial court's discretion.

3. Appellant contends the trial court erred by granting summary judgment to appellee because there remained a genuine issue of material fact to be determined at trial. It is uncontroverted that no direct contract existed between appellant and appellee, appellant being a subcontractor. Appellant's claim therefore depends on whether its lien was valid under the provisions of OCGA § 44-14-362 (2), which requires that to be effective a claim of lien must be filed for record within three months after completion of the work.

The record reveals that appellant averred that it completed the work for appellee on March 13, 1982, and filed its claim of lien on June 30, 1982. Appellee denied the lien was timely filed and, in support of his motion for summary judgment, produced an affidavit from his son which stated upon personal knowledge that all work on appellee's property was completed by appellant by March 15, 1982, more than three months before the claim of lien was filed. This affidavit shifted the burden to appellant to produce some qualified evidence that the work was completed within the three months prior to the filing of the claim of lien. See OCGA § 9-11-56 (e); see generally *Sanders v. Fulton Nat. Bank*, 148 Ga. App. 684 (252 SE2d 189) (1979). Appellant produced no counter-affidavits. However, construing the record in a light most favorable to appellant as nonmovant, there are two possible portions competent under OCGA § 9-11-56 (e) to rebut appellee's affidavit. First, in an amendment to the complaint (which was verified and thus may be considered in opposition to affidavits, *Foskey v. Smith*, 159 Ga. App. 163 (283 SE2d 33) (1981)), ap-

pellant alleged that the work was extended by the request of Waters and was not fully completed until June 17, 1982. Second, in verified answers to interrogatories, appellant alleged that the work was completed on August 4, 1982. We note that in a deposition also contained in the record appellant's president twice reiterated the averment in the original complaint that the work was completed on March 13, 1982, essentially agreeing with appellee's affidavit.

Appellant argues that the August 4th date in its answers to the interrogatories is sufficient to raise a material issue of fact. We do not agree. Even assuming the date alleged by appellant in the interrogatory answers (i.e., August 4, 1982) was correct, the lien would still be invalid, having been filed *before* the work was completed rather than within three months *after* the completion of the work, as required by OCGA § 44-14-362.

Appellant also argues that a genuine issue of material fact was raised by the June 17 work completion date alleged in its amendment to the complaint, so that the trial court erred by not considering this date. All evidence on motion for summary judgment, including the testimony of the party opposing the motion for summary judgment, is construed against the movant. *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). However, the Supreme Court has recently held that "[i]n each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. . . . We point out that even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. *The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation*, and whether this has been done is an issue of law for the trial judge. [Cits.]" (Emphasis supplied.) *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

In the case sub judice, appellant's statements were found to be contradictory by the trial court. Since the statements alleged three different dates on which the work was completed, and no explanation, reasonable or otherwise, was offered by appellant for these contradictions, the trial court did not abuse its discretion when it took as true appellant's unfavorable testimony that completion occurred by March 13, 1982. As this agreed with appellee's affidavit that work was completed by March 15, 1982, there was no genuine issue as to the material fact that because appellant failed to file its lien within the time required by OCGA § 44-14-362, the lien was invalid and the trial court did not err by awarding judgment to appellee as a matter of law.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 16, 1987.

*Ralph C. Snow, Jr.*, for appellant.
*N. Harvey Weitz*, for appellees.