A90A1824. TROUP ENTERPRISES et al. v. MITCHELL, CARRINGTON & RAYFIELD, INC.
(404 SE2d 337)

BEASLEY, Judge.

Cord Construction Company was the general contractor to construct a motel for Troup Enterprises. Pursuant to a bid, Mitchell, Carrington & Rayfield, Inc., t/a MCR, subcontracted for the project.

When MCR was not paid the balance of what it was owed, it filed a notice of lien on the property and then brought its claim against Troup seeking a general judgment for $10,712, interest and costs, plus a special judgment imposing a lien on Troup's real property. Troup filed an answer and a counterclaim for $2,350 for repairs necessitated by defective work performed by MCR and for $20,000 as the diminished value of Troup's property.

At trial both parties moved for directed verdicts. The court directed a verdict in favor of MCR on the special lien, in favor of Troup on MCR's claim for general damages, and against Troup's counterclaim. Troup appeals and assigns error on the direction of the verdict because there was a conflict in the evidence as to entitlement and as to the amount owed under the lien. It also assigns error on the failure to direct a verdict in favor of Troup on the lien, based on the contention that the lien was filed prematurely and was thus invalid.

1. We turn first to the issue of prematurity, or timeliness, of the lien. In September 1986, MCR had completed most of its contractual obligations except pouring concrete mix inside the stair treads. It is referred to in MCR's brief as a slab. This had to await the placing of the metal stairs. On October 10 MCR executed a materialman's lien which was filed on October 28.

Troup argues that the lien was not filed *after* the completion of the work and was premature under OCGA § 44-14-361.1 as construed in *Yates Paving &c. Co. v. Waters*, 181 Ga. App. 537, 539 (3) (352 SE2d 791) (1987) (dicta). This assertion is based on testimony of MCR's secretary-treasurer that pouring concrete "inside the step after the metal stairways was [sic] installed" was completed "the first of November or somewhere within the first week in November." Troup had admitted that materials were "last provided on October 10, 1986." A party will not be allowed to disprove an admission in his pleadings without withdrawing it. *Grigsby v. Fleming*, 96 Ga. App. 664, 665 (1) (101 SE2d 217) (1957). Because concrete was the principal material furnished by MCR, this evidence tended to show that the work was completed on October 10 when the notice of lien was executed. This would leave an issue of fact, precluding a directed verdict for either the lienor or the property owner. Under such circumstances, a jury must determine whether the lien was filed after work was completed and material furnished within the meaning of OCGA § 44-14-361.1 (a) (2).

Nevertheless, MCR in its brief in opposition to Troup's motion for judgment n.o.v. admitted that work, although amounting to less than eight hours, was completed following the filing of the lien. We consider the issue of prematurity assuming that the described work was not completed until after the lien was filed, because the jury could find this to be the fact. OCGA § 44-14-361.1 (a) provides for

creation of a lien within three months after *completion* of the work or after the material is *furnished*. See *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680 (399 SE2d 272) (1990); *Cumberland Bridge Assoc. v. Bldrs. Steel Supply*, 169 Ga. App. 945 (315 SE2d 484) (1984) [physical precedent only]. MCR asserts that its case involves only the furnishing of materials, as the notice of lien states, but there is evidence that both labor and material were encompassed in MCR's entire contractual obligation, of which the lien for $10,712 is a part.

"A lien of a contractor or materialman on real estate . . . attaches from the time the work under the contract is commenced or the material is furnished." *Marbut-Williams Lumber Co. v. Dixie Elec. Co.*, 166 Ga. 42 (2) (142 SE 270) (1927). In order to become effective as a claim two requirements must be met by the lienor. 1) There must be a substantial compliance with the contract for building or for materials furnished by the party claiming the lien. 2) The claim must be filed for record within three months after the completion of the work or the furnishing of the materials. OCGA § 44-14-361.1 (a) (1 & 2). Whether substantial compliance also applies to the second requirement is problematic. According to the view expressed in *Yates*, supra, and argued for by Troup, it does not. Although the language in *Yates* is dicta, the rule of strict construction of lien provisions, *Allied Elec. Contractors v. Kern & Co.*, 184 Ga. App. 747, 748 (362 SE2d 452) (1987), and allowance of preliminary notice of lien by OCGA § 44-14-361.3 support the validity of that view. Our appellate courts have not defined, or devised a test to ascertain, exactly what "completion" or "furnished" means, in terms of fulfillment of the obligations under the contract.

The record does not disclose as a matter of law whether the work performed by MCR should be considered as completion of the original contract. In such circumstances the matter rests with the factfinders. See *Sears, Roebuck & Co. v. Superior Rigging &c. Co.*, 120 Ga. App. 412 (170 SE2d 721) (1969); *Cumberland Bridge Assoc.*, supra. Cf. *Downtowner of Atlanta v. Dunham-Bush*, 120 Ga. App. 342 (170 SE2d 590) (1969).

The trial court did not err in refusing to find the lien invalid but should not have approved it as a matter of law. Whether MCR has a valid lien should be considered by the jury after proper instruction from the trial court.

2. The second issue involves the amount and entitlement of judgment in MCR's favor on the lien claim. Troup attempted to demonstrate by testimony and photographs that the work engaged in by MCR, including that involving certain poured concrete portions, was poorly and improperly performed so that the contract was not substantially complied with and that the amount sought by means of the

lien was incorrect. This was disputed. A principal witness for Troup admitted on cross-examination that he viewed the work over six months after it was performed and that he had no personal knowledge of who was responsible for it. The evidence was not conclusive as to either side.

The narrowed issue is whether MCR as a lien claimant showed substantial compliance with the contract. OCGA § 44-14-361.1 (a) (1); *Jones v. Ely*, 95 Ga. App. 4 (4) (96 SE2d 536) (1957). Troup sought to defeat MCR's claim by showing that MCR had failed to complete its contractual duties in a workmanlike manner. MCR countered with evidence that the general contractor was solely at fault.

"Where part of a construction contract is sublet to a subcontractor by a prime contractor, the owner may not be subjected to a lien for any claim or amount which the main contractor could not assert against the owner." *McCrary v. Barberi*, 100 Ga. App. 167, 169 (110 SE2d 426) (1959). This case fits within *McCrary*, for the work is alleged to have been completed in a faulty or defective manner by MCR, although perhaps also by the acts of the prime contractor. If the improper construction was the fault of the prime contractor, owner Troup may be liable to MCR as subcontractor, but that liability only extends to the reasonable value of the improvements, which must be determined by the trier of fact. *McCrary*, supra at 170-171. It was error for the trial court to sidestep the jury and determine on motion for directed verdict whether and to what extent the work was defectively completed.

*Judgment reversed. Pope and Andrews, JJ., concur specially.*

ANDREWS, Judge, concurring specially.

While I concur with the result reached, and all that is said in Division 2, I do not agree with all that is said in Division 1, because I believe the opinion leaves the implication that whether or not the last work performed was "substantial" is a factor to consider in whether or not the work is "complete."

OCGA § 44-14-361.1 (a) (1) & (2) provide that, in order for a subcontractor such as MCR to enforce a lien against the owner's property, (1) there must be a "substantial compliance by the party claiming the lien with his contract for building, repairing, or improving; . . . ." and (2) the claim of lien must be filed of record "within three months after the completion of the work. . . ."

In *Yates Paving &c. Co. v. Waters*, 181 Ga. App. 537 (352 SE2d 791) (1987), this court considered the situation where four dates were put forward by the parties as the completion date, two of which made the lien filing beyond three months, one of which made it timely, and the last of which made the filing premature. We held that "[e]ven assuming the date alleged by appellant . . . was correct, the lien

would still be invalid, having been filed *before* the work was completed rather than within three months *after* the completion of the work, as required by OCGA § [44-14-361.1]." (Emphasis in original.) Id. at 539. While technically dicta because resolution of the issue before this court hinged upon conflicting testimony of the lien claimant/movant for summary judgment, Division 1 accepts the conclusion that "premature filing" does not satisfy the statute. Our disagreement is not here, but with the issue of whether the quantity of the last work performed is or can be determinative of "completion."

Although MCR's subcontract required it to supply concrete for the project, it was not a "materialman" as that term is used in the lien statute. As acknowledged in Division 1 of the opinion, MCR was a "subcontractor" who provided labor as well as materials for the work and was assigned portions of the work covered by the prime contractor's agreement with the owner for completion, i.e., laying out the building, digging the footings, placing the forms for the concrete, pouring the concrete, finishing the concrete, assembling the pre-fab components of the motel, pouring and finishing the second floor slab, etc. Therefore, I do not believe the discussion in Division 1, regarding the "last furnishing of material" as in any way affecting the issue of the completion of the work under the subcontract is helpful.

In making the determination of timeliness of the filing of the claim, the relative amount of work last completed is not the issue, but whether, in the case of a subcontract such as present here, the work done last was part of the work encompassed by that subcontract. In *Sears, Roebuck & Co. v. Superior Rigging &c. Co.*, 120 Ga. App. 412 (170 SE2d 721) (1969), Sears had contracted with American Incinerator to build an incinerator. American then subcontracted with Superior for actual erection which involved providing both labor and equipment. The claim of lien by Superior was filed on October 17, 1967, which Sears contended was too late. Superior billed for its work on a time basis and there was evidence that the last day for which time charges were made was July 14.

In differentiating materialmen's claims, for which the last delivery of materials to the contractor or subcontractor is the determinate, we stated that "Superior was more than a mere supplier. The evidence . . . shows that Superior was engaged to do a certain specified job or work, to wit, to erect an incinerator. . . ." The question involved . . . is at what point in time did *completion of Superior's work occur?* That Superior made no charge for manhours after July 14, 1967, is some evidence that the work was completed on that date. But there is some evidence to the contrary. The affidavit of H. M. Jorgensen states . . . that he personally did welding on July 20, 1967, necessary to complete the job; and that on July 24, 1967, he inspected the job, cleaned up debris and made final adjustments." The matter of

when the job was complete was, under these facts, left for the jury's determination.

While the issue of whether the quality of the work, referred to in OCGA § 44-14-361.1 (a) (1), meets the requirement of the contract is judged by "substantial compliance," the issue of whether the pouring of the concrete on the stairwell here was included in the subcontract work which MCR was to perform does not depend on what percentage of the overall job that task equated.

I agree that the denial of the directed verdict to Troup was correct because the issue of "completion" of the work required by MCR's subcontract was properly for the jury.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED MARCH 15, 1991.

*R. Michael Key*, for appellants.
*Duncan, Thomasson, & Acree, Marc E. Acree*, for appellee.