A91A1851. SCHWAN'S SALES ENTERPRISES, INC. v. MARTIN MECHANICAL CONTRACTORS, INC.

(414 SE2d 727)

POPE, Judge.

This appeal arises from a materialman's lien filed by appellee/plaintiff Martin Mechanical Contractors, Inc. against the property of appellant/defendant Schwan's Sales Enterprises, Inc. Defendant hired Mid-Mo Construction Company ("Mid-Mo") to provide general contracting services for the construction of a depot in Athens. Mid-Mo contracted with plaintiff to provide heating, ventilation, air conditioning and other electrical work for the construction of the depot. Although defendant paid Mid-Mo in full for the construction of the depot, Mid-Mo failed to pay certain subcontractors, including defendant. On January 26, 1987, plaintiff filed the materialman's lien in question against the depot property of defendant. On June 5, 1987, plaintiff filed suit against defendant and after a jury trial obtained a lien judgment against defendant.

1. The primary issue on appeal is whether the plaintiff timely filed its lien against defendant's property on January 26, 1987. The parties agree that the lien would only be timely filed if the events occurring on November 3, 1986 constitute work contemplated by plaintiff's contract with Mid-Mo, since otherwise no work was performed by plaintiff after October 15, 1986. On November 3, 1986, plaintiff received a call from defendant requesting that plaintiff send someone to help make a gas pump operational. Plaintiff sent an electrician to defendant's property in response to that call. When the electrician arrived, he discovered an employee of the gas company was working on the gas pump. The gas company employee told the electrician that there was a problem with the electrical switch to the pump, which the electrician confirmed. The gas company employee replaced the switch and the gas pump was then operational.

The evidence is not conclusive regarding whether the electrician's response to defendant's request for help to make the gas pump operational should be considered work necessary for the completion of plaintiff's contract with Mid-Mo. As this court has previously held, in such circumstances the matter should properly be submitted to the

finder of fact for determination. See *Troup Enterprises v. Mitchell, Carrington & Rayfield*, 199 Ga. App. 173, 175 (1) (404 SE2d 337) (1991); *Sears, Roebuck & Co. v. Superior Rigging &c. Co.*, 120 Ga. App. 412 (1) (170 SE2d 721) (1969). The trial court properly submitted the question of whether plaintiff had a valid lien against defendant to the jury. Sufficient evidence exists to support the jury's conclusion that plaintiff's response to defendant's request for help to make the gas pump operational constituted the furnishing of labor pursuant to plaintiff's contract with Mid-Mo. Cf. *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660 (405 SE2d 880) (1991) (in which this court held that the evidence demanded a conclusion that the materialman's work was complete on the last day his employees worked on the project and not almost two months later when employees were sent to "check" to make sure a valve had been turned on when the owner did not raise any complaint, suggest the work was incomplete or otherwise request the check).

2. Defendant contends that plaintiff waived its lien rights by executing a lien waiver. The lien waiver relied upon by defendant is clearly invalid and the jury did not err in disregarding that document. Even if the waiver had been valid, it would only be effective to waive lien rights up to the amount billed at the time the waiver was executed, which was approximately 25 percent of the contract price.

3. Defendant also alleges that the trial court erred by failing to charge the jury properly on what is necessary to perfect a mechanic's lien and what constitutes lienable activity pursuant to OCGA § 44-14-361. A review of the trial transcript reveals that the trial court adequately charged the jury as to the relevant issues in this case, and the trial court's failure to include defendant's requested charges was not error. See generally *Salvador v. Coppinger*, 198 Ga. App. 386, 388 (401 SE2d 590) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Fortson, Bentley & Griffin, Robert N. Elkins*, for appellant.
*Blasingame, Burch, Garrard & Bryant, William S. Cowsert*, for appellee.