A92A1088. TRI-CITY CONSTRUCTION COMPANY, INC. v. SANDY PLAINS PARTNERSHIP.
(426 SE2d 57)

ANDREWS, Judge.

Tri-City Construction Company, Inc. (Tri-City) appeals the grant of summary judgment in favor of Sandy Plains Partnership (Sandy Plains) on Tri-City's action to enforce its lien.

Tri-City was the general contractor on a project in Cobb County owned by Sandy Plains. A dispute arose and Tri-City filed its claim of lien on November 27, 1989. It stated that it was for a "claim which became due on July 31, 1989 for the material and services rendered by Tri-City" on the project.

Although Sandy Plains denied the allegations of paragraph six of Tri-City's complaint seeking enforcement of the lien, which paragraph stated that the construction "was completed on or about November 8, 1989," Sandy Plains alleged in its counterclaim that "Tri-City did not complete the project in a timely fashion and the project was not completed until November 21, 1989."

On August 16, 1990, Tri-City filed its complaint, seeking to enforce its lien. Attached to that complaint and filed that same day was a document labelled "Claim of Lien (Amended)," which stated that "The claim . . . became due on November 8, 1989."

On January 10, 1991, Sandy Plains filed its motion for summary judgment. On February 8, 1991, Sandy Plains filed its motion to stay

pending arbitration. The court granted Sandy Plains' motion, finding that the claim of lien stated it was due July 31, but the claim was not filed until November 27, 1989, making it untimely pursuant to OCGA § 44-14-361.1 (a) (2) and that the purported amendment was ineffective to resurrect the claim, relying on *Shirah Contracting Co. v. Waite*, 143 Ga. App. 355 (238 SE2d 728) (1977).

1. While, as held in *Coe & Payne Co. v. Foster & Kleiser*, 258 Ga. 161 (366 SE2d 292) (1988), the complaint seeking to enforce a lien is subject to amendment pursuant to OCGA § 9-11-15 (c), there is no comparable provision regarding amendment of the actual claim of lien after the expiration of the three-month period. *Shirah*, supra. Therefore, Tri-City is bound by the original lien which either is, or is not, valid standing alone.

2. While the lien of a contractor attaches from the time the work is commenced, "[i]n order to become effective as a claim two requirements must be met by the lienor. 1) There must be a substantial compliance with the contract for building . . . by the party claiming the lien. 2) The claim must be filed for record within three months *after* the completion of the work. . . ." (Emphasis supplied.) *Troup Enterprises v. Mitchell, Carrington &c.*, 199 Ga. App. 173, 175 (1) (404 SE2d 337) (1991). Therefore, a premature lien is not effective. Id.

This is not a situation where no calendar date was included but the requisite statutory language was, as in *Georgia North Contracting v. Haney & Haney Constr. &c.*, 204 Ga. App. 366, 367 (1a) (419 SE2d 348) (1992), or where the correct date was included in lieu of the statutory language, as in *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680 (399 SE2d 272) (1990). Instead, here there is an acknowledged incorrect date which is not within three months after completion of the work.

The court properly ruled that the lien was ineffective. See *Consolidated Systems v. Amisub &c.*, 261 Ga. 590, 591 (1) (408 SE2d 109) (1991).

3. The second enumeration alleges error in the court's refusal to stay the litigation pending arbitration pursuant to the Federal Arbitration Act.

In order for that act to be applicable, however, there must be a showing that the contract involves "commerce among the several states." 9 USCA § 1 et seq. Here, the only evidence put forward by Tri-City of such interstate commerce is the Loeffler affidavit which states in this regard that "Tri-City entered into contracts for the purchase of labor and materials from a number of vendors, subcontractors and materialmen located in states other than the State of Georgia. Many of the products incorporated in such construction were manufactured in states other than the State of Georgia." While the affidavit states it is based upon a review of the records of Tri-City,

those records are neither attached to the affidavit nor contained in the record and the affidavit is insufficient under OCGA § 9-11-56 (e). *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473 (388 SE2d 69) (1989).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1992.

*Caldwell, Heggie & Helton, Clifton G. Caudle, Jeffrey A. Billings*, for appellant.

*Summers & Jones, W. Dennis Summers, Robert H. Stansfield*, for appellee.