A08A1017. D. C. ECKER CONSTRUCTION, INC. v. PONCE INVESTMENT, LLC.

(670 SE2d 526)

SMITH, Presiding Judge.

D. C. Ecker Construction, Inc. ("Ecker Construction") appeals from the trial court's order dismissing its lien foreclosure claim. In its sole enumeration of error on appeal, Ecker Construction contends that the trial court erred by concluding that its mechanic's lien claim must be dismissed because it was untimely as a matter of law. For the reasons set forth below, we agree and reverse.

We review a trial court's grant of a motion to dismiss de novo. *Ga. Lien Svcs. v. Barrett*, 272 Ga. App. 656, 657 (1) (613 SE2d 180)

---

(2005). "A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of its claim." (Citation and punctuation omitted.) *Field v. Mednikow*, 279 Ga. App. 380 (1) (631 SE2d 395) (2006).

The record in this case shows that Ecker Construction filed a complaint against Ponce Investment, LLC ("Ponce") seeking payment for improvements made to real property owned by Ponce. In its complaint, Ecker Construction sought to foreclose on a mechanic's lien pursuant to OCGA § 44-14-360 et seq. Ecker Construction's lien in this case stated that it was being filed "within three months since the furnishing of said services, labor and/or materials. . . ." It also stated that the claim was due on June 16, 2006, which was three months and five days before the lien was filed.

> There are two critical dates for the enforcement of mechanics' liens. One is that the claim of lien must be filed within three months after, as it relates to this case, [the completion of the work or] "the material . . . is furnished." OCGA § 44-14-361.1 (a) (2). The other is that an action for recovery of the amount of the claim must be commenced within 12 months from "the time the [claim] shall become due." OCGA § 44-14-361.1 (a) (3).

(Citations omitted.) *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680, 681 (399 SE2d 272) (1990). "Generally, the account becomes due upon the [completion of the work or] delivery of the last item constituting a part of the account." (Citations and punctuation omitted.) Id.

> The date the [work was completed or] material was "furnished" or "delivered" is crucial to the timeliness of the lien. The date the claim is due means the same thing for mechanics' lien purposes, even if the parties agree on a different due date. The latter is of no consequence in determining the validity of the lien.

(Citations omitted.) Id. at 682. The actual date the work is completed or the material is furnished or delivered controls. See id.

Based on the above, our courts have held that a lien is timely filed if it states the last date the work was completed or the material was delivered, *L & W Supply Corp.*, supra, 197 Ga. App. at 682, *or* if it includes statutory language that the lien was "filed within three months after supplying the labor and material for the improvements to said property." (Punctuation omitted.) *Ga. North Contracting v. Haney & Haney Constr. & Mgmt. Corp.*, 204 Ga. App. 366, 367 (1) (a)

(419 SE2d 348) (1992). In *Tri-City Constr. Co. v. Sandy Plains Partnership*, 206 Ga. App. 506 (426 SE2d 57) (1992), the lien at issue stated that it became due on a date more than three months from the date the lien was filed and this court held that it was unenforceable. In that case, however, the lien did *not* also affirmatively state that it was being filed within three months of the work being completed.

In the case now before us, the trial court granted Ponce's motion to dismiss Ecker Construction's lien claim based upon its conclusion that the specific due date asserted in the lien rendered it untimely. Ecker Construction argues on appeal that the trial court erred because the lien also asserted that it was filed within three months since the furnishing of its services, labor and/or materials to Ponce. According to Ecker, the trial court should not have construed the lien against it at the motion to dismiss stage of litigation; instead, it should have construed the lien in its favor. See *Field*, supra, 279 Ga. App. at 380 (1). We agree.

The crucial date in determining the validity of a lien is the date the material or labor is last provided, *not* the date the claim is due. See *L & W Supply Corp.*, supra, 197 Ga. App. at 682; *Central Atlanta Tractor Sales v. Athena Dev.*, 289 Ga. App. 355, 358 (657 SE2d 290) (2008). Ecker's lien states that it was filed within this time period. While it also states that the claim was due more than three months before the lien was filed, this does not mean that the material or labor *must* have also been provided more than three months before the lien was filed. A contractor completing a punch list after closing, for example, might furnish labor and materials *after* the date on which a claim became due.

Because the plain language of Ecker's lien provides "a set of facts that could be proven in support of its claim," the trial court erred by granting Ponce's motion to dismiss. *Field*, supra. Our opinion in *Tri-City*, supra, does not control the outcome of this case, because Tri-City did not address the propriety of a granted motion to dismiss, but instead a grant of summary judgment. See 206 Ga. App. at 506-507. Additionally, only one date for completion of the work could be determined from the language of the lien at issue in *Tri-City*. Id. at 506.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 25, 2008 — 

*Nelson, Mullins, Riley & Scarborough, Kenneth L. Millwood, Natalie M. Brunson*, for appellant.

*Shapiro, Fussell, Wedge, Smotherman & Martin, George M. Kent, Jr., Ronald A. Williamson, Foltz & Martin, Kevin H. Hudson,* for appellee.