No. 117.—L. J. HILLBURN, plaintiff in error, *vs.* ROBERT
O'BARR, defendant.

[1.] It is not an error for the Court to refuse to express an opinion to the
Jury, as to which of several possible inferences of fact is the true one.

[2.] A carpenter being entitled to a claim of lien against the interest of
one of several joint owners, asserted it against all: *Held*, that the claim
was good against the interest of the one.

Action, in Floyd Superior Court.    Decided by Judge
TRIPPE, December Term, 1855.

This was an action to enforce a carpenter's lien, under the
Act of 1837.    It appeared that W. T. Cothran, G. S. Black,
J. R. Powell and L. J. Hillburn, being the joint owners of a
lot in the town of Rome, made a contract with the said Hill-
burn, (one of themselves,) to build a hotel on said lot.    Hill-
burn employed O'Barr, who was a carpenter, to work on the
house.

The work was completed December 25th, 1850.

On the 8th of March, 1851, O'Barr filed in the Clerk's of-
fice, the following notice:

"GEORGIA, FLOYD COUNTY:

Robert O'Barr, carpenter, claims an incumbrance on the
house, and premises on which it is erected, of George S. Black,
Lemuel J. Hillburn, W. T. Cothran and James R. Powell,
known as the Hillburn House, and the lots in the City of
Rome on which said house is situated, adjoining Broad St.
on the north-west, and Howard St. on the south-east; also,
adjoining the lots or lands of George S. Black and Alfred
Shorter, for the building of said house.

Signed,                            ROBERT O'BARR.
Recorded March 8th, 1851.

On the 17th day of May, 1851, Obarr took from Hillburn

a promissory note, due the 25th December thereafter, for the amount due him for said work, $546$\frac{98}{100}$.  On the 30th December, 1851, O'Barr commenced his action to enforce said lien against the house.

On the trial, the defendant made the following points:

1st. That the debt was due when the work was completed; and therefore, this action was not commenced within one year thereafter, as required by the Statute.

2d. That the Act only gave a lien to original contractors, and not to persons employed by the contractors.

3d. That the lien recorded, was a lien on the whole house; and therefore, improperly filed, as plaintiff had made no contract with any of the owners except Hillburn.

4th. That the lien filed cannot be construed so as to refer to and cover Hillburn's interest alone.

All which points the Court over-ruled, and charged the Jury, that the time that the debt was due, was a fact for them to determine; that the date of the note, or the maturity of the note, was evidence of when the debt was due, as well as the completion of the work; and it was for them to say, from all the evidence, whether the action was commenced within a year from the debt becoming due; that Hillburn, being a part owner, the lien of plaintiff attached on his interest; and that the notice recorded was sufficient to cover that interest.

The Jury found for the plaintiff, to be collected from Hillburn's interest in the house, and Counsel for defendant excepted to said rulings of the Court.

SHROPSHIRE, for plaintiff in error.

ALEXANDER, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

The time when the work was to be paid for, was a question for the Jury.  And there was evidence from which the Jury

Hillburn *vs.* O'Barr.

might have inferred it to have been, either the time when the work was completed, the time when the note was given, or the time when the note fell due.

[1.] Therefore, if the Court had told the Jury that this time was the time when the work was completed, the Court would have expressed its opinion on matter of fact. And that is a thing which the Court is forbidden to do. (*Cobb's Dig.* 462.)

So much for the plaintiff's first point.

The Court charged, "that Hillburn being a partner, the lien of plaintiff attached on his interest; and that the notice recorded was sufficient to cover that interest." Was this charge right?

Why not? May not one joint tenant bind his interest by contract? No doubt he may.

Therefore, if one joint tenant employ a carpenter to build a house on the land held in joint tenancy, he subjects his interest in the land to the chance of having fastened upon it the carpenter's lien. (*Cobb's Dig.* 555.)

Hillburn did this. And O'Barr, the carpenter employed by Hillburn, entered a claim of lien, which was expressed to be against "the house and premises on which it is erected, of George S. Black, Lemuel J. Hillburn, W. T. Cothran and James R. Powell."

Was this such a claim of lien as bound Hillburn's interest?

[2.] Admit that this is a claim of lien against the interest of all the joint owners; yet, what law is there that says, if a man's claim exceed his right, not the excess of the claim merely, but the whole of the claim, is void. The reverse is, in general, true. And no authority is cited to show this case an exception to the general rule.

We think, therefore, that this charge of the Court was right.

1 it if it was, then it is clear that the Court was right in the disposition which it made of the other three of the plaintiff's points.

So far as his interest was concerned, Hillburn was an. "original contractor" with O'Barr.