## MELLOR *v*. VALENTINE.

One of several co-tenants may, if he will, improve the common estate at his sole expense, and if he assumes to do so, undertaking for himself alone, his co-tenants, being informed of this, are not bound to protest or object in order to avoid liability to those who conduct the labor or improvement. The moiety of the co-tenant in the premises is liable in his hands for the whole value of the improvements made at his instance.

UPON petition for rehearing the following opinion was delivered by

WELLS, J. Counsel err in supposing that Langrishe, the co-tenant of Young, is made party defendant to this petition. He is neither named as defendant, nor is process prayed against him ; nor does the petition in any way indicate that Langrishe or his estate is sought to be charged ; nor that he is in fact chargeable. The only averment which can be supposed to have reference to his liability is that in which it is asserted that during all the progress of the

work, Jones & Burrell were the agents of Langrishe, and had full knowledge of the contract before alleged, and that the work was being performed. Now, waiving all consideration of the sufficiency of the averment as to the agency, it is perfectly manifest that whatever effect the facts stated may have in proceeding for contribution, they are altogether ineffectual to make Langrishe liable to the petitioner. According to the petition, it was Young who employed petitioner and all the other mechanics and material men; of him alone were they at liberty to demand their recompense, and upon his estate alone the law gave the lien. The fact that Langrishe's agents, or Langrishe himself, was informed that his co-tenant had, on his sole credit, entered into engagements for the reparation and improvement of the common estate, and that the work was proceeding in pursuance thereof, would no more render him answerable to the mechanic, than would the same knowledge of repairs contracted for and proceeding upon premises in which he was in no manner interested. His silence or assent would deprive him of the action which, perhaps, he might otherwise have had, but it would have no greater effect.

One of several co-tenants may, if he will, improve the common estate at his sole expense, and if he assumes so to do, undertaking for himself alone, his co-tenants, being informed of this, are not bound to protest or object in order to avoid liability to those who conduct the labor of improvement.

If Young had assumed to contract on behalf of both himself and Langrishe, or if the petitioner and the other mechanics had performed the work in ignorance of the latter's interest, and Langrishe knowing this had silently permitted them to proceed, it might plausibly be asserted that he was estopped to traverse the assumed authority in the one case, or the sole proprietorship in the other. But nothing of this nature appears.

Unless, however, we fail to understand counsel, it is supposed that inasmuch as the improvements inure in part only

to the advantage of Young's moiety, the moiety is charge-able only in part, that is to say, to the extent of one-half part of the value of the improvements—even conceding that Langrishe was not party to the contract. This argument, if allowed to prevail, will have the effect to deny the lien altogether wherever the improvements are made at the instance of one or a part of several joint tenants, or tenants in common ; for whatever may be the estate upon 'which it is charged, it is impossible to say that it can be given for the moiety, or any share or portion less than the whole of the mechanic's disbursements.

Wherever the statute affords the lien at all, it is by express words " for the amount and value of the work and labor so performed or materials furnished." Now the legislature have not in express words prescribed that improvements made at the instance of one tenant in common shall bind his share or interest ; but if the case is to be excluded from the general words of the first section, it must be upon the ground suggested in argument, that the burden ought to be imposed only where it will be no more extensive than the benefit ; that A's estate ought not to be charged with a lien for that share of the improvement which has inured to his co-tenant B. The same reason should exonerate the co-tenant from responsibility altogether ; but the law has invariably regarded his contracts for the improvement of the common estate binding upon him, and it is not unfair to assume that the legislature contemplated the preservation of a just analogy between the remedy at common law and that afforded by the statute. Moreover, if the exposition of the statute contended for be a just one in the case of improvements made by one of the tenants in common, it would bé reasonable to expect that no contradictory rule would be found expressly declared in other analogous cases. For example : if a tenant for life or for years procure substantial improvements or repairs to be made, it is manifest that as to a certain proportion, these inure to the reversioner, as essentially as in the present case one moiety of the labor and

materials expended by the petitioner has been appropriated to the estate of the co-tenant, Langrishe.   Yet, by the express words of the statute, section 7, the particular estate is in such cases chargeable with the whole value.

Nor are we without direct authority upon the identical question now under consideration.  In *Keller* v. *Drummond,* where the statute limited the *lien* to the estate of "the person in possession when the improvement was commenced," it was held that the contract of one in possession of the premises, though having a mere equity, and that as tenant in common with another, would bind his interest for the whole value of the material.   68 Penn. St. 452 and *Hillbourn* v. *O'Barr*, 19 Georgia, 592, is to the same effect. Mr. Phillips cites these cases without disapproval, and apparently regards them as a fair expression of the powers and liabilities of tenants in common in the absence of restrictive legislation.   We are convinced, therefore, that upon reason and authority, the moiety of Young in these premises was liable in his hands for the whole value of the improvements made at his instance, and passed to the defendant Mellor burdened with the same charge.

The claim of *lien* filed by the petitioner, in pursuance of the second section of the statute, declares in the first instance for a *lien* upon the whole premises, and not upon the moiety of Young, and contains the following : "All of the above work and foregoing indebtedness was made by Nathaniel Young, owner of one-half of the said premises, and with the knowledge and consent of William Jones and James Burrell, as the agents of John S. Langrishe."

It is argued that inasmuch as by this notice the petitioner declared for a *lien* against the whole estate, and arising upon contracts with both the co-tenants, he is now restricted by this declaration, and can have no decree whatever until Langrishe shall be made a party and brought in ; and that whatever is then found to be due, must, if any *lien* is allowed, be charged against the whole estate, and not against the moiety of Young.

The allegations of the notice respecting the connection of Langrishe with the employment are, as it seems to us, not different in effect, from the averments of the petition in respect to the same matter before considered. The claimant here, as in his petition, asserts that the indebtedness for which the *lien* is claimed was contracted by Young, the owner of one-half the premises, and that the agents of Langrishe consented. It is not stated that Langrishe was the proprietor of an interest; and if this had been stated, it is not at all clear that any one would, from the terms of this notice, be at liberty to conclude that Langrishe or his estate is sought to be charged. But even conceding that the terms of the notices are to be construed as importing, contrary to the fact, that the indebtedness arose upon contract with both the co-tenants, and the lien is claimed upon the whole estate, instead of Young's moiety, it by no means follows that petitioner is estopped from proceeding for the lien to which, had his notice accorded with truth, he would, upon the evidence in this case, have been entitled.

The statute, it is admitted, must be substantially complied with, for this is one of the conditions upon which the lien is given. But it seems to be safe to assert, that if the notice containing the substantial requirements of the statute go beyond these, and by inadvertence, or without fraudulent purpose, seeks to charge a larger interest on the estate than is, in fact, chargeable, or asserts a demand against those who are liable, together with those who are not, the mistake shall not deprive the mechanic of his lien, unless some third person has been misled to his prejudice. *Putnam* v. *Ross*, 46 Mo. 338; *Hauptman* v. *Coblin*, 20 N. Y. 247; *Hillbourn* v. *O' Barr*, 19 Ga. 591; *Tibbell* v. *Moore*, 23 Cal. 215, are in point.

Now, upon these authorities, it is impossible to deny the lien to the extent of Young's moiety; for the defendant Mellor, the only person as to whom the supposed overstatements of the notice can be alleged to have been prejudicial, purchased that interest while the work was still in progress, and before the claim of lien was even framed. He was not

misled by it in his purchase therefore, and that he was afterward induced to change his position in reliance upon the statements of the notice, is nowhere shown.

The petition for rehearing is therefore denied.