PACE, guardian, *v.* SHIELDS-GEISE LUMBER COMPANY.

1. Where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial. *Chance* v. *Simpkins,* 146 *Ga.* 519 (91 S. E. 773) ; *Jones* v. *Bank of Lula,* 135 *Ga.* 680 (70 S. E. 640) ; *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655).

2. While the lien of a materialman is not complete until a judgment thereon is obtained, after the rendition of the judgment the lien dates from the time of its filing.

(*a*) A partition of land on which such a lien has been filed can not defeat the lien where all statutory requirements are complied with, though the judgment is obtained after partition.

(*b*) If one's claim exceed his right, the excess of the claim is void, but not the whole claim; the valid part may be legally asserted, though the invalid part fail.

       MAY 16, 1917. REHEARING DENIED JUNE 15, 1917.

      Claim.    Before Judge Worrill.    Terrell superior court.    May 17, 1916.

      *R. R. Jones,* for plaintiff in error.

      *Yeomans & Wilkinson,* contra.

      GILBERT, J.   This case was submitted to the trial court, on an agreed statement of facts, without the intervention of a jury. It involved the question whether certain land was subject to a claim. Mrs. Pace died owning the land, leaving a husband and three daughters as her sole heirs at law. Before the appointment of an administrator the husband contracted individually with the Shields-Geise Lumber Company to build a dwelling-house on the land in question. When the house was completed the husband defaulted in the payment of the contract price. The lumber company filed a materialman's lien on that portion of the land on which it had constructed the dwelling. After the filing of the lien, but before judgment thereon, the husband was appointed administrator of the estate of his wife; and a formal report having been made to the court of ordinary that all debts of the estate had been paid, the land was partitioned among the heirs, that portion of the land on which the lien had been filed being set apart to two of the daughters. Subsequently to all of this, the lumber company obtained a general judgment against the husband, and a special judgment against the property described in the lien. The special judgment

was levied upon a one-fourth undivided interest in the property described in the lien, the levy reciting that the property was levied upon as the property of the husband, W. K. Pace. A claim in behalf of the two daughters was filed, based upon the foregoing facts. The court found the property subject. The claimant excepted.

While it is true that the lien of the lumber company was not complete until a judgment was obtained, it is also true that after the rendition of the judgment the lien was complete, and dated from the time of its filing. Only the administrator, for the purpose of paying debts, could have divested the title of the husband to a one-fourth undivided interest. In this case it was not sought so to do. The debts were paid, without reference to the land; and the partition among the heirs, though otherwise in accordance with law, could not defeat the rights of the lumber company based upon the lien on the one-fourth interest of the husband. The lien attached only to a one-fourth interest in the land described in it. If one's claim exceed his right, the excess of the claim is void, but not the whole claim. A valid part may be included in that which is not sound as a whole, and the valid part may be legally asserted, while the invalid part fails. *Hillburn* v. *O'Barr,* 19 *Ga.* 591; 27 Cyc. 54. The court did not err, therefore, in holding that the property was subject to the lien to the extent of the one-fourth undivided interest.

The first headnote requires no elaboration.

*Judgment affirmed. All the Justices concur.*