44396, 44405. SEARS, ROEBUCK & COMPANY v. SUPERIOR RIGGING & ERECTING COMPANY; and vice versa.

WHITMAN, Judge. The appeal in case 44396 is by the defendant below, Sears, Roebuck & Co. (hereafter called "Sears"), from an order granting in part and denying in part its motion for summary judgment, which order was certified for direct review. Case 44405 is a cross appeal by the plaintiff below, Superior Rigging & Erecting Co. (hereafter called "Superior"), and takes issue with the lower court's order to the extent that it granted the defendant's motion in part.

The case involves a claim of lien for work done and materials furnished.

Sears contracted with American Incinerator Co. (hereafter called "American") for the construction of an incinerator on Sears' property. American, in turn, subcontracted with Superior for actual erection of the incinerator which involved furnishing labor and certain equipment (e.g., cranes and welding machines.) A nominal amount of material was also furnished by Superior.

Superior's charges for labor were its hourly rate for foremen and journeymen multiplied by the manhours expended in each category. Charges were also made for equipment usage (e.g., welding machine, 3 months at $180 per month; 25 ton crane, 10 hours at $25 per hour.)

On October 17, 1967, Superior filed and recorded a claim of lien for a certain sum on certain described realty of Sears for services and materials furnished.

Thereafter Superior brought the present action seeking a personal judgment against American and a judgment in rem, based on its claim of lien, against certain described realty of Sears. (American neither appeared nor filed defensive pleadings. American was a foreign corporation, but subject to the court's jurisdiction. However, the attempt to serve American with process at its address in Michigan was unsuccessful, the Deputy Sheriff of Wayne County, Michigan, stating by affidavit that "after diligent effort was unable to serve said company because it was out of business; further, the same situation prevails to date.")

Sears' defenses raised the question of the timeliness of the lien's filing and also of the lienability of certain items included in Superior's charges. Sears made a motion for summary judgment based on the pleadings and admissions on file. Superior filed the affidavit of its vice president in opposition to the motion. *Held:*

1. The filing of such a claim of lien by one furnishing work or materials for the improvement of realty must, among other things, in order to be effective, be filed for record within three months after completion of the work or within three months after the material is furnished. *Code Ann.* § 67-2002 (a).

At the hearing on the motion for summary judgment there was evidence that Superior made its charges for the job, i.e., for labor and equipment usage, on a time basis; that the last day for which any charge for time was made, as evidenced by certain documents, was on July 14, 1967.

Under cases which have arisen involving a claim of lien for material furnished by a materialman, it is held that if the lien is recorded within three months from the delivery or furnishing of the last item of material which constitutes a part of the open or running account covered by the contract, then the claim is timely filed as the whole. *New Ebenezer Assn. v. Gress Lumber Co.,* 89 Ga. 125 (1) (14 SE 892); *Stewart*

*Brothers v. Randall Brothers,* 138 Ga. 796 (2) (76 SE 352); *Calhoun Brick Co. v. Patillo Lumber Co.,* 10 Ga. App. 181, 183 (73 SE 23); *Pippin v. Owens,* 29 Ga. App. 789 (1) (116 SE 549); *Hill v. Dealers Supply 'Co.,* 103 Ga. App. 846, 851 (120 SE2d 879).

Certain of these last cases are cited to the court by Sears with the contention that they should control the result in this case, that the last chargeable work appearing in Superior's account for the job was on July 14, 1967, and that the lien, not having been filed and recorded until October 17, 1967, could not be considered as timely. The difficulty we find with the argument is that, while Superior maintained a record or an account of manhours expended much in the same way a materialman might maintain an open or running account for lumber, bricks, steel, etc., which he supplies in connection with a construction job, Superior was more than a mere supplier. The evidence adduced at the hearing shows that Superior was engaged to do a certain specified job or work, to wit, to erect an incinerator from its component parts on the property of Sears under the direction of American.

The question involved, as we see it, is at what point in time did *completion of Superior's work occur?* That Superior made no charge for manhours after July 14, 1967, is some evidence that the work was completed on that date. But there is some evidence to the contrary. The affidavit of H. M. Jorgensen states that he is the vice president of Superior; that the work in question was done under his supervision; that he personally did welding on July 20, 1967, necessary to complete the job; and that on July 24, 1967, he inspected the job, cleaned up debris and made final adjustments. We agree with the lower court that a jury question was presented by this evidence as to when the work was completed and, ultimately, whether the lien was timely filed and recorded.

The lower court did not err in overruling Sears' motion for summary judgment on the ground that the lien was not timely filed and recorded.

2. The motion to dismiss the cross appeal is without merit and is denied.

3. The lower court determined that all charges made by Superior for *use of equipment* (welding machines, cranes, etc.) were nonlienable items and granted Sears' motion for summary judgment to such extent. The cross appeal of Superior

contends the lower court erred in this regard. There was no error. *D. H. Overmyer &c. Co. v. W. C. Caye & Co.*, 116 Ga. App. 128, 129 (157 SE2d 68); *Air Service Co. v. Cosmo Investments*, 115 Ga. App. 596 (155 SE2d 413).

4. Sears contends that the inclusion of nonlienable items with lienable items defeats the whole. We have found no cases so holding. The nonlienable items were easily separable from the lienable items in this case. We agree with the lower court, as expressed in its order: "[T]he whole claim should not fall because part is bad." Cf. *Pace v. Shields-Geise Lumber Co.*, 147 Ga. 36 (92 SE 755).

*Judgment affirmed on main appeal and cross appeal. Jordan, P. J., and Hall, J., concur.*

SUBMITTED APRIL 8, 1969—DECIDED SEPTEMBER 30, 1969.

*Alston, Miller & Gaines, Ronald L. Reid*, for appellant.

*Burger, Egerton, Flemister & Slotin, James L. Flemister*, for appellee.

