### A98A1254. DILL v. CHASTAIN.
#### (507 SE2d 872)

Judge Harold R. Banke.

The jury awarded contractor Alan Chastain d/b/a Horizon Building Systems ("Chastain") $13,878.87 in his breach of contract action against Homer Dill. In his sole enumeration, Dill appeals the trial court's denial of his motion for judgment notwithstanding the verdict ("j.n.o.v.") and for new trial.

This case arose after Dill hired Chastain to build an addition onto an existing building for $69,750. The men entered into a written contract reflecting this agreement. Chastain then commenced construction and partially completed the project. Dill paid $47,030.50 and then refused to pay more. Rather than negotiate, Dill hired another contractor to complete the project.

Chastain then initiated this action alleging breach of the construction contract, seeking damages of the balance of the contract price. Dill counterclaimed, asserting that Chastain abandoned the contract without full performance and negligently executed the existing work. Dill alleged that he was forced to hire others to complete the project.

At the close of Chastain's case, Dill moved for directed verdict, unsuccessfully arguing that the evidence of damages was insufficient. Dill renewed this argument in his motion for j.n.o.v., specifying that Chastain failed to show the reasonable cost he would have incurred in finishing the project. *Held*:

The trial court erred by denying Dill's motion for j.n.o.v. Such motions are properly granted where the evidence does not conflict on

any material issue and demands a particular verdict. *Kroger Co. v. Brooks*, 231 Ga. App. 650, 651 (500 SE2d 391) (1998). Our review is circumscribed by the "any evidence" standard. Id.

When a construction contract is wrongfully breached, the basic component of damages is the net profit the contractor would have received had full performance been permitted. *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641, 642-643 (1) (490 SE2d 124) (1997); *Williams v. Kerns*, 153 Ga. App. 259, 260 (1) (265 SE2d 605) (1980). That figure is calculated by subtracting from the contract price the amount full performance would have cost the contractor. *Energy Contractors v. Ga. Metal Systems &c.*, 186 Ga. App. 475, 477 (2) (367 SE2d 324) (1988). Amounts spent on materials that the contractor could subsequently use on future projects must be accounted for as would any other expenditures affecting profit. See *Kerns*, 153 Ga. App. at 260-261 (1). Where, as here, both parties have partially performed, the amount must be adjusted to reflect their various payments. *Energy Contractors*, 186 Ga. App. at 477 (2).

In order to prove his damages, it was incumbent on Chastain to establish the amount he would have expended to complete the project. Having read and considered the entire record, we find no such evidence. Chastain testified that he was "asking for the . . . remaining balance of the . . . total contract price of $69,750, less the building price . . . and less what [Dill] paid David Brindle there to construct it which was $9,000 . . . $14,925." But Chastain did not state the amount he would have expended to complete the project or his net loss prior to the breach. *Kerns*, 153 Ga. App. at 267 (1). He did not testify to his usual percentage of profit, the additional materials he needed to purchase, the amount he would have paid his employees to complete the job, or the time it would have taken. Although Chastain agreed that he could estimate his cost to finish the project within $2,000 to $3,000, he offered no figures. Nor can we agree that the amount Dill expended to complete the project suffices to establish Chastain's projected expenditure. Chastain is not entitled to the benefit of Dill's bargain with the other contractor when the true measure of damages is the amount Chastain would have expended to complete the project. *Imaging Systems Intl.*, 227 Ga. App. at 642-643 (1). Chastain was entitled to recover only the anticipated net profit he forfeited due to Dill's breach. *Rome Housing Auth. v. Allied Bldg. Materials*, 182 Ga. App. 233, 238 (4) (355 SE2d 747) (1987). This he failed to prove.

*Judgment reversed. Johnson, P. J., and Smith, J., concur. Andrews, C. J., disqualified.*

DECIDED OCTOBER 16, 1998.

*English, Tunkle & Smith, Richard D. Tunkle*, for appellant.
*R. Scott Cunningham*, for appellee.