**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1615. SEABOARD CONSTRUCTION COMPANY v. KENT
REALTY BRUNSWICK, LLC.

BOGGS, Judge.

Seaboard Construction Company ("Seaboard") appeals from the trial court's grant of Kent Realty Brunswick, LLC's ("Kent's") motion for summary judgment, and the court's denial of its motion for summary judgment. For the following reasons, we affirm in part and reverse in part.

On appeal from the grant or denial of summary judgment, this court applies a de novo standard of review. *Woodcraft by MacDonald, Inc. v. Ga. Cas. and Sur. Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We must view the evidence, and all reasonable

inferences drawn therefrom, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The stipulated facts reveal that in 2006, Harbor Development LP began to develop a 135-acre parcel for 1,600 residential lots and condominiums. Harbor contracted with Plant Improvement Company, Inc., d/b/a Seaboard Construction Company ("Seaboard"), to perform certain site preparation work on Phase I which consisted of 60 acres.[1] During the performance of the site work, Harbor received 17 applications for payment and paid the company $6,261,192.52. A total of $326,661.50 remained unpaid when a dispute arose between the parties concerning the calculation and processing of the final application for payment. Seaboard subsequently filed five materialman's liens, each in the amount of $363,959.810,[2] against five separate properties of the development, two of which were owned by Kent, and one of which was owned by Harbor.[3]

---

[1]This work included "[e]arthwork, soil erosion control, pavement, water distribution system, storm drainage, wastewater collection system, grassing and site concrete."

[2]It appears that the difference between the total amount of the liens and the amount remaining on the contract is accumulated interest.

[3]After the liens were filed, the other two owners filed for bankruptcy, and Harbor's lender foreclosed on its property.

Four months after filing the liens, Seaboard filed suit against Harbor seeking payment of the unpaid retainage. Three days later, Kent filed a "Complaint for Damages and Equitable Relief" asserting defamation of title and seeking injunctive relief. Seaboard answered and counterclaimed to foreclose upon the liens. Shortly after the filing of Kent's suit, Seaboard filed a "Notice of Filing of Action for Claim on Materialman's Lien" for each of the Kent liens.

Following the filing of cross-motions for summary judgment, and after a hearing of the argument of counsel, the trial court granted Kent's motion and denied Seaboard's in a one-sentence order.[4] During the hearing, however, the trial court concluded that the liens were invalid because they were not filed in the name of the lien holder and were excessive under OCGA § 44-14-361.1 (e). The court concluded further that there was a jury issue remaining on Kent's slander of title claim.

1. Seaboard contends that the trial court erred in granting Kent's motion for summary judgment on the validity of the liens. The court ruled on the record that the liens were invalid because they were not filed in the name of the lien holder and were

---

[4] Several months before the entry of judgment, Harbor entered into a consent judgment with Seaboard in the amount of the unpaid retainage, which the parties assert has been submitted to the trial court for entry as a final judgment in a separate action.

excessive. We agree with the court's latter conclusion that the liens were excessive, and therefore hold that the court did not err in granting Kent's motion for summary judgment on this ground. See *Georgia-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (appellate court may affirm the grant of summary judgment when it is right for any reason).

OCGA § 44-14-361.1 (e) provides that "[i]n no event shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made or services performed." This court held in *Elec. Distribs. v Turner Constr. Co*, 196 Ga. App. 359 (395 SE2d 879) (1990), that "the focus of this defense is the amount the owner of the property has spent under the contract at the time the lien was filed, for the claimant is entitled to recover only the balance of the contract price remaining to be paid at the time the lien was filed." Id. at 362 (2). That is, with regard to the work benefitting multiple properties, the amount of the contract relative to a particular owner's property. The parties agree that the amount of remaining unpaid principal on the contract for the work in Phase I of the development was $326,661.50. This phase consisted of multiple parcels of property, one parcel of which, divided into multiple lots, was owned by Kent. Seaboard filed a lien in the amount of $363,959.81 on this parcel, and also filed a lien in the amount of

4

$363,959.81 on property owned by Kent in Phase II of the development. The aggregate amount of liens filed against Kent property was therefore $727,919.62 (and the aggregate amount of liens filed against all five properties was $1,819,799.05). Because the aggregate amount of liens exceeded the remaining contract price for improvements made or services performed on Kent's property, the liens violated the proscription of OCGA § 44-14-361.1 (e), and are therefore invalid. Cf. *Gaster Lumber Co. v Browning*, 219 Ga. App. 435, 436 (1) (465 SE2d 524) (1995) (total amount of liens in excess of contract price); compare *Dallas Bldg. Material v. Smith*, 193 Ga. App. 512, 513 (388 SE2d 359) (1989) (appellant's lien of $ 11,157.66 did not exceed the contract price for improvements made to owner's property).[5] The trial court therefore did not err in granting Kent summary judgment on this ground.

---

[5]Seaboard argues that we should apply tort law, specifically the principle of joint and several liability, to conclude that it was entitled to file liens against each property for the full amount of the principal balance remaining on the contract, but "our lien laws and procedures are in derogation of the common law, [and] must be construed strictly against the creditor and in favor of the debtor." *Brockett Rd. Apartments v. Ga. Pacific Corp.*, 138 Ga. App. 198, 199 (225 SE2d 771) (1976). We are therefore limited to a strict construction of OCGA § 44-14-361.1 (e).

2. Seaboard argues that the trial court erred in failing to grant it summary judgment on Kent's slander of title claim.[6] We agree. OCGA § 51-9-11 provides that an "owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." And, "[i]n order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." (Citations and punctuation omitted.) *Latson v. Boaz*, 278 Ga. 113, 114 (598 SE2d 485) (2004); *M&M Mortgage Co. v. Grantville Mill, LLC*, 302 Ga. App. 46, 49-50 (3) (690 SE2d 630) (2010). Therefore Kent "could recover only such special damages as [it] actually sustained as a consequence of the alleged wrongful acts, and [it was] required to plead them plainly, fully, and distinctly." *Latson*, supra.

Kent argues that it was unable to obtain a construction loan on its properties and "was preparing to offer into evidence at trial an appraisal which would have

---

[6]We note that while the trial court's order states that it granted Kent's motion for summary judgment and denied Seaboard's motion, the court during the hearing on the motion for summary judgment concluded that a jury issue remained regarding Kent's slander of title claim.

6

shown hundreds of thousands of dollars in losses. And, [it] intended to subpoena and call as a witness" the tax commissioner who appraised the properties. During oral argument on the motion for summary judgment, Kent made reference to an affidavit of a bank representative who he claims averred that "the individual lot holders went to seek a loan for thirteen million dollars and that [the bank] was unable to give them a loan . . . and that they could not close on a loan at that amount because there were five liens filed against various properties." But this affidavit is not part of the record here on appeal, and in any case, this averment is not specific to Kent or any special damages suffered by Kent. Here, Kent only presented evidence of the attorney fees it incurred, and points to no other evidence in the record to support a claim for special damages. See *M&M Mortgage Co.*, supra, 302 Ga. App. at 50 (3) (attorney fees do not constitute special damages).

As the movant for summary judgment on this claim, Seaboard has demonstrated that there is no evidence sufficient to create a genuine issue of material fact on an element of Kent's special damages. And Kent failed to come forth with specific evidence giving rise to a triable issue. Since Kent "offered no evidence of special damages, an essential element of [its] claim for slander of title," the trial court

7

erred in denying Seaboard's motion for summary judgment on this claim. See *Latson*, supra, 278 Ga. at 116; *M&M Mortgage Co.*, supra, 302 Ga. App. at 50 (3).

*Judgment affirmed in part, reversed in part. Barnes, P. J., concurs and Branch, J., concurs in the judgment only.*