**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and GOSS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 25, 2019**

# In the Court of Appeals of Georgia

A19A0570. DUKE BUILDERS, INC. v. MASSEY et al.

McMILLIAN, Judge.

This appeal arises out of dispute over construction performed by Duke Builders, Inc. ("Duke") on behalf of John K. and Stephanie Massey (the "Masseys") after their home was destroyed by fire. Duke appeals the trial court's order granting summary judgment to the Masseys on their claim that the materialmen's lien Duke filed on their property is invalid and denying Duke's motion for partial summary judgment to define the terms of the parties' contract.

This Court applies a de novo review to the grant or denial of summary judgment, viewing the evidence in the light most favorable to the non-movant. *Fair v. CV Underground, LLC*, 340 Ga. App. 790, 790 (798 SE2d 358) (2017). So viewed, the evidence shows that after the Masseys' home burned in June 2013, they hired

Duke to obtain a stream buffer variance and building permits to reconstruct the home and to work with their insurer, State Farm Insurance Company ("State Farm"), on their insurance claim (collectively, the "Project"). Duke worked on the construction of the Masseys' new home from April 2014 to around April 23, 2015, when Duke discovered that the Masseys' construction permit had been transferred to another contractor. In May 2015, Duke filed a lien in the amount of $197,107.13 against the Masseys' property.

The Masseys initiated this action the following November, and Duke counterclaimed seeking to recover the amounts it claimed the Masseys owed it under the parties' agreement, plus attorney fees. The Masseys filed a motion for partial summary judgment as to these claims, and the trial court initially denied the motion. However, approximately one year later, the Masseys renewed their motion for partial summary judgment to seek cancellation of Duke's materialman's lien, and Duke filed a cross-motion for partial summary judgment to define the terms of the parties' agreement. The trial court granted the Masseys' renewed motion, finding that the lien was void because it exceeded the contract price for work performed on the Project, violating the statutory lien requirements. The trial court directed the clerk of court to mark the lien "cancelled" and to disburse to the Masseys all funds being held in the

2

court registry to bond the lien. In the same order, the trial court denied Duke's cross-motion for partial summary judgment.

On appeal, Duke contends that (1) the trial court erred in holding that its materialman's lien was invalid and in striking the lien and (2) the trial court erred in denying its motion for partial summary judgment as to the terms of the parties' agreement.

1. In considering whether the materialman's lien was invalid, we turn to the text of Georgia's lien statutes, and in construing any statutory text,

> we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-73 (a) (751 SE2d 337) (2013). Also, it is well established that "[b]ecause materialman's liens are in derogation of the common law, statutes involving such liens must be strictly construed in favor of the property owner and against the materialman." (Citation and

punctuation omitted.) *Stock Bldg. Supply, Inc. v. Platte River Ins. Co.*, 336 Ga. App. 113, 117 (2) (a) (783 SE2d 708 ) (2016).

(a) Under the lien statutes, a contractor such as Duke is entitled to place a lien on property for which they furnish labor, services, or materials "if they are furnished at the instance of the owner, contractor, or some other person acting for the owner or contractor[.]" OCGA § 44-14-361 (a), (b). Such a materialman's lien "shall include the amount due and owing the lien claimant under the terms of its express or implied contract, subcontract, or purchase order *subject to subsection (e) of Code Section 44-14-361.1.*" (Emphasis supplied.) OCGA § 44-14-361 (c). That subsection provides that "[i]n no event shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made or services performed. OCGA § 44-14-361.1 (e).

Construing OCGA §§ 44-14-361 (c) and 44-14-361.1 (e) together, these subsections provide that although a materialman may assert a lien for all amounts due and owing under the parties' contract, the amount of that lien may not exceed the amounts due and owing for "the improvements made or services performed." This language plainly limits a lien to the contract price agreed upon to compensate for work actually performed on the property.

4

Here, Duke explained that its lien amount of $197,107.13 included both the total of the unpaid invoices for labor, materials, and contractor fees for work already performed on the property in the amount of $145,694.20 and Duke's unpaid 20-percent profit on the estimated cost to finish the house in the amount of $51,412.93. Therefore, Duke admits that $51,412.93 of the lien amount does not relate to work performed on the Masseys' property; rather, that amount represents Duke's estimated lost profits after it was prevented from completing its work. Pretermitting whether Duke would be able to recover lost profits as an element of damages for the Masseys' alleged breach of the parties' agreement, such an amount does not relate to work performed on, or any value added to, the Masseys' property. Therefore, we conclude that Duke's estimated lost profits are not lienable under the plain language of the applicable statutes,[1] and we agree with the trial court that the portion of Duke's lien

[1] We note that this holding is consistent with that of other jurisdictions that have considered the issue. See, e.g., *In re Regional Bldg. Systems, Inc.*, 273 BR 423 (Bankr. D. Md. 2001), aff'd, 320 F.3d 482 (4th Cir. 2003) ("[A] claim for lost profits arising from a breach of contract based on wrongful termination of a contract before construction is completed cannot be asserted as a mechanic's lien[.]"); *Tilt-Up Concrete, Inc. v. Star City/Federal, Inc.*, 255 Neb. 138 (582 NW2d 604) (1998) (denying lien for lost profits because they compensate a party for work not yet performed), and cases cited therein.

5

attributable to lost profits for work not yet performed was in violation of OCGA §§ 44-14-361 (c); 44-14-361.1 (e).[2]

(b) But even if the amount of the lien exceeded the statutory limitations, the question remains – is the lien invalid in its entirety or should the lien amount be amended? Again, we turn to the statutory language. Upon review, we find nothing in the statutory text specifically addressing whether an excessive lien is invalid, but OCGA § 44-14-361.1 (a.1) provides that "[a] claim of lien may be amended at any time to reduce the amount claimed, and such amended claim of lien shall relate back to the date of filing for record of the original claim of lien." Moreover, OCGA § 44-14-361.1 (a) sets out certain requirements for "[making] good" a lien and provides that if these requirements are not met, "the lien shall not be effective or enforceable." These requirements do not include asserting the exact amount due for work performed under the contract. Reviewing the statutory scheme as a whole, then, it appears that a claim of lien may be reduced after filing if it is determined to be excessive, rather than invalidating the entire lien. See *J. H. Morris Bldg. Supplies v.*

---

[2] Although Duke asserts that the lien amount can be justified by adding prejudgment interest and attorney fees due and owing under the parties' agreement to the contract price of work already performed, Duke sought $197,107.13 plus interest and attorney fees in the lien. Duke's assertion, therefore, is without merit.

6

*Brown*, 245 Ga. 178, 178 (264 SE2d 9) (1980) (interpreting language in former Ga. Code Ann. § 67-2002 (1933) comparable to that found in OCGA § 44-14-361.1 (a) as establishing the *only* factors that determine when a lien is rendered wholly ineffective).

This interpretation of the lien statutes is in accord with long-standing Supreme Court and Court of Appeals precedent construing previous versions of the lien statutes. In the leading case of *Pace v. Shields-Geise Lumber Co.*, 147 Ga. 36 (92 SE 755) (1917), the Supreme Court held that if a lienholder's claim "exceed his right, the excess of the claim is void, but not the whole claim. . . . [T]he valid part may be legally asserted, while the invalid part fails." Relying on *Pace*, our Court has rejected the argument that "the inclusion of nonlienable items with lienable items defeats the whole" where "[t]he nonlienable items were easily separable from the lienable items[.]" *Sears Roebuck & Co. v. Superior Rigging & Erecting Co.*, 120 Ga. App. 412, 414 (4) (170 SE2d 721) (1969). See also *Summit-Top Dev., Inc. v. Williamson Constr., Inc.*, 203 Ga. App. 460, 461-62 (1) (416 SE2d 889) (1992) (initial inclusion

in lien of amount for work not performed did not invalidate lien; contractor amended lien prior to trial to reflect proper amount).[3]

Here, because the lost profits amount was easily determined, the trial court erred by invalidating the entire lien, instead of directing that the lien be amended to exclude the non-lienable amounts. Accordingly, we reverse that portion of the summary judgment order declaring the lien to be invalid and directing its cancellation and remand for a determination of the lienable amount under OCGA § 44-14-361 (c).

2. Duke further asserts that the trial court's denial of its motion for partial summary judgment should be reversed because the trial court erred in considering parole evidence to conclude that the one-page Construction Agreement represents the whole of the parties' contract. We find no merit to this argument because the trial court made no such finding. At best, the trial court's recitation of the negotiations and various documents exchanged between the parties, along with the parties' course of conduct, support that genuine issues of material fact exist as to the terms of the

---

[3] We note that in *Seabord Constr. Co. v. Kent Realty Brunswick, LLC*, 331 Ga. App. 742, 743-44 (1) (771 SE2d 429) (2015), this Court affirmed the trial court's order invalidating a lien based on non-compliance with OCGA § 44-14-361.1 (d) without analysis of the case law discussed above. As that case is physical precedent only, it is non-binding. See Ct. of App. R. 33.

8

contract. Accordingly, we affirm the trial court's denial of Duke's motion for partial summary judgment regarding the terms of the parties' contract.

*Judgment affirmed in part and reversed in part and case remanded. McFadden, P. J., and Goss, J., concur.*