310 Ga. 153
FINAL COPY

S20G0018.  MASSEY et al. v. DUKE BUILDERS, INC.

NAHMIAS, Presiding Justice.

In this dispute between property owners and the contractor they hired to build a house, we granted the property owners' petition for certiorari to consider two questions: (1) whether anticipated profits can be included in a materialmen's lien and (2) if so, whether the improper inclusion of such profits renders the entire lien void. As explained below, because the Court of Appeals correctly held that anticipated profits may not be included in a lien and that their inclusion does not invalidate the entire lien, see *Duke Builders, Inc. v. Massey*, 351 Ga. App. 535, 537-539 (831 SE2d 172) (2019), we affirm.

1. In June 2013, John and Stephanie Massey's home was destroyed by a fire. They hired Duke Builders, Inc., as the contractor to build a new house. The Masseys pre-approved and then paid Duke

Builders for completed work on a project-by-project basis. The payments for these projects included the actual cost of the work and materials as well as a contractor's fee for Duke Builders, which varied from project to project. After a series of disagreements between the parties, Duke Builders stopped work on the Masseys' property by April 2015, and the Masseys hired a new contractor. In May 2015, Duke Builders filed a materialmen's lien in the amount of $197,107.13 against the Masseys' property. This amount included $145,694.20 for work that had been completed but not paid for (including Duke Builders' profits on those completed projects) and $51,412.93 as the profit Duke Builders anticipated based on its estimated cost to finish the house.

In November 2015, the Masseys filed a lawsuit against Duke Builders for, among other things, breach of contract. Duke Builders filed an answer and counterclaims, including one for breach of contract. In December 2016, the Masseys filed a motion for partial summary judgment on several claims as well as the lien, arguing that the lien should not include Duke Builders' anticipated profits.

In April 2017, the trial court summarily denied the Masseys' motion without specifically addressing the lien issue. In March 2018, the Masseys filed a renewed motion for summary judgment raising only the lien issue, and this time the trial court granted the motion. The court ruled that the lien amount was illegal because it included Duke Builders' anticipated profits and that the entire lien was therefore void; the court ordered that the lien be marked as cancelled.

Duke Builders appealed the cancellation of its lien.[1] The Court of Appeals affirmed the trial court's holding that anticipated profits could not be included in the lien, but reversed the trial court's holding that the entire lien was void. See *Duke Builders*, 351 Ga.

---

[1] In March 2017, a month before their initial motion for summary judgment was denied, the Masseys filed a bond for the lien, allowing the property to be released from the lien. See OCGA § 44-14-364 (a) ("Upon the approval by the clerk [of the superior court] of the bond provided for in this Code section, the real estate shall be discharged from the lien."). In the order granting summary judgment to the Masseys, the trial court directed that the funds held in the court's registry as the bond be disbursed to the Masseys. Duke Builders filed its notice of appeal 12 days after the trial court entered the order. During oral argument, the Masseys' attorney indicated that the funds had already been disbursed, but Duke Builders' counsel disputed that, and there is no evidence of disbursement in the record.

App. at 537-539. The Court of Appeals was correct on both issues.[2]

2. On the first question — whether a materialmen's lien can include anticipated but not yet earned profits — the Court of Appeals looked to the plain text of OCGA §§ 44-14-361 and 44-14-361.1 (e) to conclude that the lien cannot include anticipated profits. See *Duke Builders*, 351 Ga. App. at 537. Subsection (a) (2) of OCGA § 44-14-361 authorizes contractors to file "a special lien on the real estate . . . or other property for which they furnish labor, services, or materials[.]" Subsection (b) says that the lien "may attach to the real estate of the owner for which the labor, services, or materials are furnished if they are furnished at the instance of the owner, contractor, or some other person acting for the owner or contractor[.]" Subsection (c) says that this lien "shall include the amount due and owing the lien claimant under the terms of its

---

[2] Duke Builders had filed a cross-motion for partial summary judgment to establish the terms of its alleged contract with the Masseys, which the trial court denied. The Court of Appeals affirmed the trial court's denial of summary judgment on this issue. See *Duke Builders*, 351 Ga. App. at 539. Duke Builders did not file a petition for certiorari asking us to review this issue, and we did not ask a question about it when we granted the Masseys' petition for certiorari. We express no opinion on that issue. See *Doctors Hosp. of Augusta v. Alicea*, 299 Ga. 315, 321-322 n.7 (788 SE2d 392) (2016).

4

express or implied contract, subcontract, or purchase order subject to subsection (e) of Code Section 44-14-361.1."

Under subsection (c), which was added to OCGA § 44-14-361 in 2013, the lien claimant can file a lien "based on the contracted price of the work, which includes overhead costs and profit, rather than just on the value of the materials and labor that directly improved the property." *Stock Bldg. Supply v. Platte River Ins. Co.*, 336 Ga. App. 113, 118-119 (783 SE2d 708) (2016). Duke Builders argues that subsection (c)'s reference to the contract means that a lien claimant can include even unearned profits that were anticipated based on the contract. That statutory provision, however, restricts the lien to the "amount *due* and *owing*" under the contract. Thus, the lien is limited to amounts actually due to the claimant based on the work completed at the time the lien is filed, not amounts that the claimant was expecting to receive for future work under the contract. OCGA § 44-14-361.1 (e) also mentions the contract price but again limits the lien to the contract price of work already done by referring to the work in the past tense: "In no event shall the aggregate amount of

5

liens set up by Code Section 44-14-361 exceed the contract price of the improvements *made* or services *performed*." (Emphasis supplied.)

The Court of Appeals was correct to hold that a materialmen's lien may not include anticipated profits, and we affirm that holding.[3]

3. On the second question — the effect of the inclusion of nonlienable amounts in a materialmen's lien — the Court of Appeals held that the trial court erred by ruling that the entire lien was void, reversed that portion of the trial court's summary judgment order, and remanded the case for a determination of the lienable amount. See *Duke Builders*, 351 Ga. App. at 538-539. The Court of Appeals did not err.

(a) In support of its holding, the Court of Appeals looked to the

---

[3] Duke Builders argues that it could recover its anticipated profits as damages for breach of contract. See *Dill v. Chastain*, 234 Ga. App. 770, 771 (507 SE2d 872) (1998) ("When a construction contract is wrongfully breached, the basic component of damages is the net profit the contractor would have received had full performance been permitted."). The parties appear to agree on that point of law, although their dispute as to whether Duke Builders actually had a contract to finish the Masseys' house is a question to be resolved when this case returns to the trial court. In any event, what is lienable is a different question than what is recoverable as damages in a breach of contract action.

6

precedents established in *Pace v. Shields-Geise Lumber Co.*, 147 Ga. 36 (92 SE 735) (1917), and *Sears Roebuck & Co. v. Superior Rigging & Erecting Co.*, 120 Ga. App. 412 (170 SE2d 721) (1969). In *Pace*, which dealt with a materialmen's lien, this Court held: "If one's claim exceed his right, the excess of the claim is void, but not the whole claim. A valid part may be included in that which is not sound as a whole, and the valid part may be legally asserted, while the invalid part fails." 147 Ga. at 37. See also *Hillburn v. O'Barr*, 19 Ga. 591, 593 (1856) (addressing a carpenter's lien and holding: "[W]hat law is there that says, if a man's claim exceed his right, not the excess of the claim merely, but the whole of the claim, is void. The reverse is, in general, true. And no authority is cited to show this case an exception to the general rule.").

The Masseys argue that *Pace* and *Hillburn* do not apply here because they dealt with situations where the lien overage at issue related to how much of the property the lien could encumber, rather than the amount of the lien. See *Pace*, 147 Ga. at 37 (explaining that the lien could attach only to the one-fourth interest in the property

belonging to the person who defaulted on the contract); *Hillburn*, 19 Ga. at 593 (explaining that the lien could attach only to the interest of one of the four property owners). The holding in those cases, however, applies just as readily to cases where the lien amount is too high because improper amounts were included. We see no reason to view this factual distinction as a legal one.

Indeed, the Court of Appeals cited *Pace* in *Sears Roebuck*, which dealt with a materialmen's lien that included nonlienable amounts. See 120 Ga. App. at 415. The property owner there, like the Masseys here, argued that the inclusion of those improper amounts defeated the whole lien, but the court responded:

> We have found no cases so holding. The nonlienable items were easily separable from the lienable items in this case. We agree with the lower court, as expressed in its order: "[T]he whole claim should not fall because part is bad."

Id. The Court of Appeals has followed *Sears Roebuck* in at least two other cases dealing with materialmen's liens that included improper amounts. See *Summit-Top Dev. v. Williamson Constr.*, 203 Ga. App. 460, 461-462 (416 SE2d 889) (1992) (holding that the claimant's

8

initial inclusion of nonlienable amounts in the lien did not invalidate the entire lien); *Taverrite v. Lowe's of Franklin*, 166 Ga. App. 346, 348 (304 SE2d 78) (1983) (physical precedent only) ("The inclusion of nonlienable items, easily separable from lienable items, does not defeat the entire lien.").[4]

Thus, the Court of Appeals' holding in this case is supported by precedent from this Court and the Court of Appeals, and the Masseys have not convinced us that we should repudiate that line of authority.[5] We therefore affirm the Court of Appeals' holding on this

[4] The Masseys point out that one case from the Court of Appeals supports their argument. In *Seaboard Constr. Co. v. Kent Realty Brunswick*, 331 Ga. App. 742 (771 SE2d 429) (2015), the Court of Appeals affirmed a trial court's order invalidating materialmen's liens because they were excessive. See id. at 743-744. But *Seaboard Constr. Co.* is physical precedent only, did not specifically address whether the liens should be invalidated in whole or part, and did not mention any of the case law discussed above, as the Court of Appeals in this case recognized. See *Duke Builders*, 351 Ga. App. at 538 n.3. We hereby disapprove *Seaboard Constr. Co.* to the extent it held that an excessive lien must be invalidated in its entirety.

[5] The Masseys make a policy argument that allowing the valid part of a materialmen's lien to remain enforceable will lead to massively inflated liens being filed because the claimants will not be punished for overstating their claims by losing their entire liens. Dishonest claimants, however, face other penalties, such as a defamation of title action, see OCGA § 51-9-11; *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 508 (632 SE2d 161) (2006), or even a felony prosecution for knowingly filing a materially false lien, see OCGA § 16-10-20.1. In addition, the property owner's ability to file a bond

issue.

(b) At the end of its discussion about the continued validity of the lien, the Court of Appeals indicated that the trial court should direct that the lien be amended, saying: "Here, because the lost profits amount was easily determined, the trial court erred by invalidating the entire lien, instead of directing that the lien be amended to exclude the non-lienable amounts." *Duke Builders*, 351 Ga. App. at 538-539. The Court of Appeals pointed out that amendment of a materialmen's lien is authorized by OCGA § 44-14-361.1 (a.1), which says, "A claim of lien may be amended at any time

---

to discharge the property from the lien, as the Masseys did in this case, see footnote 1 above, mitigates concern about an inflated lien clouding a property's title for an extended period. See *M. Shapiro & Son, Inc. v. Yates Constr. Co. of the Southeast*, 140 Ga. App. 675, 676-677 (231 SE2d 497) (1976) (explaining that the General Assembly enacted what is now OCGA § 44-14-369 in 1953, allowing a property owner to "file a bond and thereby discharge the realty from the lien," in order to address the "evil" of "legally unauthorized or excessive" liens plaguing the property). The lien statutes also allow property owners to speed up the process of having the validity of the lien determined. See OCGA § 44-14-368 (a) (establishing procedures for property owners to file a notice of contest of lien, which then requires the claimant to commence a lien action within sixty days of the notice of contest filing rather than the usual deadline of one year from the lien filing date). All of these reasons may explain why the longstanding precedents we reaffirm today have not led to the dire consequences the Masseys fear.

to reduce the amount claimed, and such amended claim of lien shall relate back to the date of filing for record of the original claim of lien." The Masseys argue that this provision is meant to be used only to reduce a lien to account for partial payment. However, the statute says that the lien amount may be reduced "at any time," and the Masseys have not shown why we should read this broad phrase as limited to only those times when part of the lien amount has been paid.

We note, however, that by indicating that the trial court on remand should not only determine the nonlienable amount but also direct that the lien be amended by Duke Builders, the Court of Appeals added an extra step that does not appear to have been taken in the cases cited above involving partially improper liens. All of those cases, however, were decided before OCGA § 44-14-361.1 (a.1) was enacted in 2010. See Ga. L. 2010, p. 859. In light of Duke Builders' statutory ability to amend the lien and the ongoing nature of this case, it would not be improper for the trial court to direct the amendment of the lien to remove the nonlienable amount (and

11

indeed it may be a salutary practice), although such a direction from the trial court would not be required in every case.

*Judgment affirmed. All the Justices concur, except Blackwell and Warren, JJ., not participating, and Peterson and McMillian, JJ., disqualified.*

Decided September 28, 2020 – Reconsideration denied October 19, 2020.

Certiorari to the Court of Appeals of Georgia — 351 Ga. App. 535.

*Mahaffey Pickens Tucker, Matthew P. Benson, Gerald Davidson, Jr., Brian T. Easley; Bondurant Mixson & Elmore, Michael B. Terry, Jane D. Vincent*, for appellants.

*Powell & Edwards, Anthony O. L. Powell, Wesley C. Ross, John J. Crowley; Holland & Knight, Robert S. Highsmith, Jr., James C. Evans*, for appellee.